Opinion
 

 TODD, Acting P. J.
 

 Ronald P. and Carol Thon, Rolling Hills Estates, Ltd., Rolling Hills Sanitation, Inc., and Raymond Grimm, Sr. (Plaintiffs)
 
 *1548
 
 appeal a postjudgment order awarding certain costs to Ronald Thompson and Jack Wireman.
 

 After the Rainbow Municipal Water District (the District) rejected their proposed sewer plan in the Fallbrook area, Plaintiffs filed a complaint, followed by several amended complaints, in the superior court. They sued the District and its members, Thompson and Wireman (Defendants). Ultimately, the court granted summary judgment to Defendants. As the prevailing party, Defendants sought costs, including attorney travel and lodging to attend depositions. Plaintiffs moved to strike requests for deposition costs which included charter air travel from Bakersfield to San Diego, hotel bills incurred in San Diego and rental car costs.
 

 Code of Civil Procedure
 
 [1]
 
 section 1033.5 sets forth the costs recoverable by the prevailing party. To recover a cost, it must be reasonably necessary to the litigation and reasonable in amount.
 
 (Perko’s Enterprises, Inc.
 
 v.
 
 RRNS Enterprises
 
 (1992) 4 Cal.App.4th 238, 244 [5 Cal.Rptr.2d 470].) Plaintiffs recognize section 1033.5, subdivision (a)(3) specifically authorizes reimbursement of travel expenses to attend depositions but argue when the deposition is conducted in the county of jurisdiction, expenses incurred by out-of-county counsel should not be recoverable.
 

 Determination of whether a cost is reasonable is within the trial court’s discretion.
 
 (Ladas
 
 v.
 
 California State Auto. Assn.
 
 (1993) 19 Cal.App.4th 761, 774 [23 Cal.Rptr.2d 810].) Plaintiffs ask us to read into the statute a provision it does not contain, i.e., limitation of travel expenses incurred in taking a deposition to local travel. We may not construe a statute to add a restriction it does not contain.
 
 (Rappenecker
 
 v.
 
 Sea-Land Services, Inc.
 
 (1979) 93 Cal.App.3d 256, 263 [155 Cal.Rptr. 516].) Section 1033.5, subdivision (a)(3) does not limit reimbursement for deposition travel to travel by attorneys practicing in the court’s jurisdiction. The trial court did not err in awarding costs incurred by Bakersfield attorneys to attend depositions in San Diego County.
 

 Plaintiffs also argue the court erred in awarding costs absent sufficient detail of the expenditures and an explanation why a less expensive means of travel was not utilized. Before the court order here, Defendants provided an itemization of the travel expenses for each deposition and a declaration by defense counsel explaining the need and reason for the costs. Plaintiffs correctly state trial courts have a duty to determine whether a cost is reasonable in need and amount. However, absent an explicit statement by the trial court to the contrary, it is presumed the court
 
 *1549
 
 properly exercised its legal duty.
 
 (Ross
 
 v.
 
 Superior Court
 
 (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727].)
 

 Here, nothing in the record indicates the trial court failed to weigh the need in determining to award the travel costs for depositions. A declaration is sufficient proof to support a finding of fact.
 
 (Ladas
 
 v.
 
 California State Auto. Assn., supra,
 
 19 Cal.App.4th at p. 776.) However, it cost $13,888.31 to fly by charter from Bakersfield to San Diego and $5,100 to fly a commercial fight. Counsel for Thompson and Wireman candidly admits he and cocounsel took chartered flights to save his client attorney fees. This may have been economically convenient to Thompson and Wireman but was not reasonably necessary. The trial court erred in awarding costs for the difference between $13,888.31 and $5,100 ($8,788.31). The trial court’s cost award is modified to reduce it by $8,788.31.
 

 Order affirmed as modified.
 

 Benke, J., and Huffman, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure.