[No. A069563. First Dist., Div. Two. Oct. 2, 1996.]

TIMOTHY E. GIBSON, Plaintiff and Respondent, v.
ANDREW BOBROFF et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

COUNSEL

Hoskins & Williams and Elizabeth Williams for Defendants and Appellants.

McGuinn, Hillsman & Palefsky, John A. McGuinn and Kerry J. McLean for Plaintiff and Respondent.

OPINION

PHELAN, J.*—Defendants Andrew and Alexander Bobroff appeal the trial court's order denying their motion to tax the costs of the prevailing plaintiff's expert witness fees and the costs of the court-ordered mediation. We are presented with an issue of first impression as to the latter item—that is, may a trial court in its discretion award successful litigants their share of the cost of unsuccessful court-ordered, but privately conducted, mediation? In the published portion of this opinion we answer this question in the affirmative. In the unpublished portion we reject appellants' claim that the award of expert witness fees was an abuse of discretion and deny respondent's request for sanctions.

FACTS

Plaintiff Timothy E. Gibson was injured when defendants' truck rear-ended him as he was stopped at a red light on December 19, 1992. He filed a complaint for personal injuries including damages for lost wages and future income. Liability was conceded and the only issue was the amount of damages sustained by plaintiff. On July 8, 1994, the parties attended court-ordered judicial arbitration (Code Civ. Proc., § 1141.11),[1] with the arbitrator awarding plaintiff $90,000. Defendants rejected that award and requested a trial de novo. (§ 1141.20.) Prior to the trial de novo, on October 5, 1994, the parties attended a court-ordered mediation before Judicial Arbitration and Mediation Services (J.A.M.S.) mediator, the Honorable Rebecca Westerfield.[2] (§ 1775.3.) That too was unsuccessful.

On that same day, October 5, 1994, the parties each filed statutory offers to compromise (§ 998): plaintiff requesting $79,999 and defendants offering

---

*Presiding Justice of the Court of Appeal, First District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Rule 5.09C2 of the Marin County Superior Court Rules provides that "The Court shall examine and consider alternative dispute resolution programs or procedures available to the parties, including mediation, neutral case evaluation, and arbitration . . . ." (See also rule 5.09.1.) We cannot explain why the parties were ordered to mediate this case. Section 1775.4 expressly prohibits mediation once the court has ordered the parties to attend a judicial arbitration hearing. Based on the limited record before us, we cannot determine the reason the

$60,000. Both offers were rejected and the case proceeded to jury trial. On December 15, 1994, a jury returned a verdict for plaintiff in the amount of $112,659. As the prevailing party, plaintiff was entitled to his costs pursuant to sections 998[3] and 1141.21.[4]

Plaintiff filed a verified memorandum of costs (Cal. Rules of Court, rule 870(a)), requesting total witness fees of $8,909.48, of which $7,024.48 were for expert witness Thomas C. Thomas, Ph.D., an economist who testified as to plaintiff's past and future wage loss resulting from the accident; $100 for Filmore Rodich, M.D., whom plaintiff used as a consultant; and $1,043.75 representing costs of the court-ordered mediation. Although not specifically stated by the parties, we presume this amount reflects plaintiff's share of the mediator's fee. The memorandum of costs did not disclose the hourly rate and number of hours worked as required by the Judicial Council approved worksheet. (Judicial Council Form MC-011.)

Defendants filed their motion to strike or tax these costs as being excessive and not properly recoverable. (Cal. Rules of Court, rule 870(b).) They claimed that the expert witness fees paid to Dr. Thomas were excessive and were not limited to the "actual time consumed in the examination of that witness." (Underscoring in original.) Defendants also claimed that Dr. Rodich's fees were not recoverable at all since he did not testify. Lastly, they argued that the mediation costs are not recoverable since they were not "reasonably related to the conduct of the litigation" as required by section 1033.5, subdivision (c)(2). At the hearing on the motion to tax costs, defense counsel also argued that there was no statutory authority to allow mediation costs.

The trial court denied the motion to tax on the following grounds: (1) it found the $100 expert witness fee to Dr. Rodich was recoverable; and (2) the

---

trial court ordered mediation. At oral argument the parties conceded that they did not object to the order and believed they were compelled to follow it. They also indicated that both sides agreed to Judge Westerfield as the mediator.

[3]Section 998 provides in relevant part: "(d) If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

[4]Section 1141.21 provides that the following costs shall be awarded to the prevailing party following a trial de novo: "(a)(ii) To the other party or parties, all costs specified in Section 1033.5, and the party electing the trial de novo shall not recover his or her costs. [¶] (iii) To the other party or parties, the reasonable costs of the services of expert witnesses, who are not regular employees of any party, actually incurred or reasonably necessary in the preparation or trial of the case."

cost of mediation was found to be "reasonably necessary to the conduct of litigation." The court ruled that Dr. Thomas's expert witness fees were recoverable under section 998, subdivision (d), but since it could not determine the exact amount, the court continued the hearing to allow plaintiff to produce the information required by Government Code section 68092.5.[5]

Plaintiff later filed Dr. Thomas' declaration stating that his standard fee of $195 per hour was for all work, except deposition and trial testimony, and for those activities he charged $275 per hour, with a two-hour minimum. The declaration also indicated that this fee scale had been effective since January 1, 1993, and that these fees were actually charged and recovered in numerous depositions and trials conducted since that date. Two exhibits listed in the declaration appeared to have been unintentionally omitted.

Defendants objected to this evidence, contending it was insufficient since it did not itemize how much time was spent in answering questions at trial. Plaintiff then filed an amended memorandum with the missing exhibits attached, which were two invoices. The invoice dated October 21, 1994, showed Dr. Thomas worked 7.75 hours $195/hour for a fee of $1,511.25, plus travel expenses of $29.80, for a total fee of $1,541.05. The invoice dated December 16, 1994, reflected fees for 19.25 hours $195/hour totaling $3,753.75; trial testimony of four hours $275/hour totaling $1,100; $320 for a research associate; plus $309.68 in travel and exhibit expenses for a total fee of $5,483.43.

At the resumed hearing on the motion to tax costs, defense counsel objected that the unitemized statement was insufficient to sustain plaintiff's burden to demonstrate that the expert witness fees were reasonably and necessarily incurred. At the end of that hearing, the trial court granted the motion to tax the costs of $1,541.05 contained in the October 21 invoice, finding that it could not determine if this sum was double-billed in the December 16 invoice. The court denied the motion as to the remainder of the fees claimed.

---

[5]Government Code section 68092.5, subdivision (c), provides that when a party challenges an expert witness's fee as unreasonable, and that party makes a motion to set the expert witness's fee, "the party designating the expert shall provide, and the court's determination as to the reasonableness of the fee shall be based upon (1) proof of the ordinary and customary fee actually charged and received by that expert for similar services provided outside the subject litigation, (2) the total number of times the presently demanded fee has ever been charged and received by that expert, and (3) the frequency and regularity with which the presently demanded and any other fee has been charged and received by that expert within the two-year period preceding the hearing on the motion. The court may also consider (4) the ordinary and customary fees charged by similar experts for similar services within the relevant community, and (5) any other factors the court deems necessary or appropriate to make its determination."

In their appeal from the order (§ 904.1, subd. (a)(2)) defendants argue: (1) the trial court erred in awarding Dr. Thomas's expert witness fees since they were not substantiated by an itemized statement detailing the actual work performed; and (2) the award of mediation costs is not authorized by any statute.

DISCUSSION

## I. *Expert Witness Fees*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. *Mediation Expenses*

■ Defendants contend the court exceeded its discretionary powers in awarding costs for mediation because these costs are not statutorily authorized and were not reasonably necessary to the conduct of the litigation.[6]

Based on the parties' arguments, it appears the trial court awarded these fees under its discretionary authority. (§ 1033.5, subd. (c)(4).) Section 1033.5, subdivision (c)(4), authorizes the trial court to exercise its discretion to award costs for items not specifically allowed nor prohibited under subdivisions (a) and (b), so long as they are "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (§ 1033.5, subd. (c)(2); see *Thon* v. *Thompson* (1994) 29 Cal.App.4th 1546, 1548 [35 Cal.Rptr.2d 346]; *Applegate* v. *St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 363-364 [28 Cal.Rptr.2d 436]; *Ladas* v. *California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 773-774 [23 Cal.Rptr.2d 810].)

An award of costs for mediation expenses is not statutorily proscribed. (§ 1033.5, subd. (b).) Nevertheless, defendants argue that, because the mediation statutory scheme does not expressly provide those expenses may be awarded as costs, as is the case with respect to arbitration (§ 1141.21), the Legislature must have determined such expenses cannot be awarded as costs. We do not agree. Had the Legislature intended to exclude mediation expenses from items allowable as costs, it would have been a simple matter to have listed them in section 1033.5, subdivision (b), as an item which could not be awarded. In light of the general authority to award as costs "[i]tems

---

\*See footnote, *ante*, page 1202.

[6]Plaintiff argues that defendants did not raise this issue at trial and thus they have waived it on appeal. We have reviewed the motion to tax costs and the argument at the hearing on that motion and conclude that this issue was adequately presented by defendants.

not mentioned in this section . . . in the court's discretion" (§ 1033.5, subd. (c)(4)), it is far more reasonable to conclude that, if the Legislature meant to exclude mediation expenses as costs, it would have done so explicitly in subdivision (b). We conclude the legislation does not foreclose an award of mediation expenses as costs.

Mediation, like arbitration, was created as a trial alternative to dispose of relatively small civil claims, in a "fair, timely, appropriate, and cost-effective manner . . . ." (§ 1775 [legislative findings concerning mediation; see § 1141.10 [legislative findings concerning arbitration].) In discussing the policies behind the related arbitration scheme, our courts have recognized that " '. . . [d]iscouraging trial de novo is essential to the proper functioning of the judicial arbitration system. . . .' " (*Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 319 [21 Cal.Rptr.2d 284].) To this end, the Legislature has enacted disincentives to a trial de novo—notably the imposition of significant, nonrefundable costs on the party who requests a trial de novo following arbitration, but who does not obtain a more favorable judgment. (*Bhullar* v. *Tayyab* (1996) 46 Cal.App.4th 582, 589 [54 Cal.Rptr.2d 17]; § 1141.21.) Of particular relevance is subdivision (a)(iv) of section 1141.21, which authorizes recovery of "the compensation paid by the other party or parties to the arbitrator." (See *Cobler* v. *Stanley, Barber, Southard, Brown & Associates* (1990) 217 Cal.App.3d 518, 533 [265 Cal.Rptr. 868] [in contractual arbitration, prevailing party entitled to recover arbitration fees as costs]; *Boyd* v. *Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 382 [258 Cal.Rptr. 473] [same as to judicial arbitration].)

The same philosophy should apply to the analogous trial avoidance goal of court-ordered mediation. We note that section 1775.8 expressly provides that "[t]he compensation of court-appointed mediators shall be the same as the compensation of arbitrators pursuant to Section 1141.18 . . . ." As we have also noted, arbitration and mediation are mutually exclusive discrete pretrial dispute resolution techniques. (§§ 1775.3, 1775.4.) The interplay and corollary provisions of these mediation and judicial arbitration statutes provide persuasive grounds for treating the entitlement to their cost the same. Imposing mediation costs upon the party who refuses to settle, and who thereafter suffers a greater judgment at trial than his or her section 998 offer to compromise, operates as an incentive to settle the dispute and to avoid the cost and time occasioned by a trial. (See *Elrod* v. *Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 698-699 [241 Cal.Rptr. 108] [§ 998 encourages settlements by punishing a party who fails to accept reasonable offer from the other party].) This risk of added expense promotes the legislative scheme declared in section 1775, i.e., to reduce the judicial backlog and encourage the fair, efficient and cost-effective resolution of

disputes. Like the related arbitration scheme, mediation is fundamental to the conduct of litigation as it encourages the parties to settle their disputes before trial and exposes parties who fail to agree to a reasonable settlement proposal to the risk of a discretionary court determination that they should pay their opponent's share of the failed mediation.

We recognize there are fundamental differences between arbitration and mediation. The former involves an adversarial hearing before a neutral decision maker governed by special evidentiary rules. (See Cal. Rules of Court, rules 1613, 1614; Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 1995) § 4:98 et seq., pp. 4-16 to 4-21.) Mediation, on the other hand, involves ". . . a process in which a neutral person or persons facilitate communication between the disputants to assist them in reaching a mutually acceptable agreement." (§ 1775.1, subd. (a)(2).) Nevertheless, each is designed to provide a forum for prompt, economical resolution of civil disputes (§§ 1141.10, subd. (a); 1775, subds. (a), (c)) and their differences do not suggest that disparate treatment is appropriate with regard to entitlement to costs. To the contrary, parity of treatment is strongly indicated. We hold that when an unsuccessful mediation has been court-ordered, reasonably necessary expenses incident thereto may, in the sound discretion of the trial court, be awarded after trial to a prevailing party.[7]

██ Whether a cost is "reasonably necessary to the conduct of the litigation" is a question of fact for the trial court, whose decision will be reviewed for abuse of discretion. (*Applegate* v. *St. Francis Lutheran Church*, *supra*, 23 Cal.App.4th at pp. 363-364; *Lubetzky* v. *Friedman* (1991) 228 Cal.App.3d 35, 39 [278 Cal.Rptr. 706].) Defendants take a distorted, myopic view of the mediation statute in arguing that since the purpose of mediation is to *avoid trial*, the expenses incurred in mediation cannot be construed to be reasonably necessary to the *conduct* of litigation. The same could be argued about contractual or judicial arbitration which, as we have seen, may result in an award of the arbitrator's fees as costs. Indeed, the fees of a special master appointed by a trial court to "control discovery and to conduct settlement conferences" have been awarded as costs. (*Winston Square Homeowner's Assn.* v. *Centex West, Inc.* (1989) 213 Cal.App.3d 282, 292-293 [261 Cal.Rptr. 605].) Encouraging the parties to resolve lawsuits at the earliest time and before a costly and time-consuming trial, is a necessary part of litigation as conducted in this state. The award of mediation fees is no less reasonably necessary to the conduct of litigation, than the award of arbitrator's fees affirmed in the *Boyd* decision (*ante*, p. 1208), which costs are also statutorily authorized by section 1141.21, subdivision (a)(iv). The enactment

---

[7]We expressly do not decide whether a party prevailing after a trial which is preceded by unsuccessful *voluntary* mediation would be entitled to such costs.

of the judicial arbitration law was seen as a necessary, efficient, and cost-effective method to speed the resolution of litigation, which goal is a legitimate function of the judicial branch. Nothing less can be said of the policy behind mediation. (§ 1775, subd. (a) ["The peaceful resolution of disputes in a fair, timely, appropriate, and cost-effective manner is an essential function of the judicial branch of state government under Article VI of the California Constitution."].) Accordingly, we reject defendants' view that only those costs directly related to the preparation or the trial of a case are recoverable as being "reasonably necessary to the conduct of the litigation." This is especially true here since the mediation was court-ordered.

### III. *Sanctions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

We conclude that the trial court acted within its discretion in awarding plaintiff costs for expert witness fees and mediation expenses. The order denying defendants' motion to tax costs is affirmed.

Lambden, J., concurred.

KLINE, P. J., Concurring.—As noted by Justice Phelan, Code of Civil Procedure section 1775.4 provides that an action such as this may be ordered into arbitration or mediation, but not both.[1] (Maj. opn., *ante*, at p. 1204, fn. 2.) Because this case had previously been ordered into arbitration, the trial court exceeded its authority by ordering mediation. Defendants did not object, however, and should not now be heard to complain of one of the consequences of the failure to do so.

I concur in the judgment of this court pertaining to mediation expenses primarily because by failing to object to the court-ordered mediation I believe defendants impliedly conceded mediation was "reasonably necessary to the conduct of the litigation" and thereby waived the claim that mediation

---

*See footnote, *ante*, page 1202.

[1]Code of Civil procedure section 1775.4 states in its entirety as follows: "An action that has been ordered into arbitration pursuant to [Code of Civil Procedure] Section 1141.11 or 1141.12 may not be ordered into mediation under this title, and an action that has been ordered into mediation pursuant to Section 1175.3 may not be ordered into arbitration pursuant to Section 1141.11."

expenses may not be awarded as costs under Code of Civil Procedure section 1033.5, subdivision (c)(4).