109 Cal.Rptr.2d 493 (2001)
90 Cal.App.4th 1088
Pablo ZAMORA, Plaintiff and Respondent,
v.
CLAYBORN CONTRACTING GROUP, INC., Defendant and Appellant.
No. F035221.
Court of Appeal, Fifth District.
July 23, 2001.
Review Granted October 10, 2001.
*494 Weintraub Genshlea Chediak Sproul, Charles L. Post, Sacramento, and Thomas G. Trost, Sacramento, for Defendant and Appellant.
Glen E. Gates, Fresno, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
CORNELL, J.
Appellant Clayborn Contracting Group, Inc. (Clayborn) appeals from a trial court order granting a motion to vacate a judgment entered pursuant to a Code of Civil Procedure,[1] section 998 offer to compromise. Clayborn contends the trial court erred under section 473, subdivision (b)[2] by granting relief from the section 998 judgment because there was no evidence of fraud or undue influence. As we find no such requirement of fraud or undue influence under section 473, we will affirm.

FACTUAL AND PROCEDURAL SUMMARY
Respondent Pablo Zamora (Zamora), doing business as Creative Engineering and Fabrication, filed an action against Clayborn alleging breach of contract due to Clayborn's failure to pay for road signs supplied by Zamora. Clayborn answered and filed a cross-claim.
On February 9, 2000, Zamora presented Clayborn with an offer to compromise pursuant to section 998.[3] In relevant part, the offer provided:
"Plaintiff Pablo Zamora aka Pablo Iniguez dba Creative Engineering and Fabrication hereby offers to have judgment taken against himself and for defendant Clayborn Contracting Group, Inc. in the above entitled action pursuant to Section 998 of the Code of Civil Procedure for the sum of $149,999, each party to bear its own costs."
Clayborn accepted the offer by filing a notice of acceptance with the trial court on February 17, 2000. Approximately six days later, Zamora's counsel, Glen Gates, wrote the trial court explaining the offer to compromise contained clerical errors which allowed judgment to be taken against Zamora instead of against Clayborn as intended. Zamora then moved to either set aside the section 998 acceptance or to vacate entry of judgment.
*495 In support of his motion, Zamora declared that he never authorized an offer to enter judgment against him. Gates's legal assistant also submitted an affidavit to the trial court explaining she prepared the section 998 offer and that she inadvertently typed "judgment taken against," instead of "in favor of," Zamora.
After a hearing, the trial court found the section 998 offer contained a ministerial or clerical mistake and granted Zamora's motion to set aside the judgment under section 473.

DISCUSSION

I. Appealibility[**]

II. Section 473
Section 473 provides in relevant part, "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." We review the trial court's order setting aside the judgment under section 473 using the abuse of discretion standard. (Elston v. City of Turlock (1985) 38 Cal.3d 227, 233, 211 Cal.Rptr. 416, 695 P.2d 713; Generate Bank Nederland v. Eyes of the Beholder Ltd. (1998) 61 Cal.App.4th 1384, 1399, 72 Cal.Rptr.2d 188.)
Clayborn relies on Pazderka v. Caballeros Dimas Alang, Inc. (1998) 62 Cal. App.4th 658, 73 Cal.Rptr.2d 242 (Pazderka) and Premium Commercial Services Corp. v. National Bank of California (1999) 72 Cal.App.4th 1493, 86 Cal.Rptr.2d 65 (Premium) to support his conclusion that a section 998 judgment cannot be set aside absent fraud or undue influence. In Pazderka, the trial court set aside a section 998 judgment based on a party's failure to include an attorney fees and costs provision in the offer to compromise. (Pazderka, supra, 62 Cal.App.4th at pp. 663-665, 73 Cal.Rptr.2d 242.) On appeal, the Pazderka court noted a trial court may properly grant relief from a section 998 judgment based on mistake under section 473 if a reasonably prudent person with no special skill or training under the same or similar circumstances might have made such an error. (Id. at p. 671, 73 Cal. Rptr.2d 242.) Nevertheless, the Court of Appeal found relief under section 473 inappropriate in Pazderka because failing to include attorney fees and costs in an offer to compromise is not the type of mistake ordinarily made by a reasonably prudent person. (Ibid.)
Similarly, in Premium, a bank moved to set aside a section 998 settlement on the ground that through mistake, inadvertence, and excusable neglect, the bank's settlement offer mistakenly omitted a provision for each party to bear its own costs and fees. (Premium, supra, 72 Cal. App.4th at p. 1495, 86 Cal.Rptr.2d 65.) The Premium court, relying on Pazderka, found a party's failure to include such a provision in the section 998 offer insufficient to vacate the agreement under section 473. (Premium, supra, 72 Cal. App.4th at p. 1496-1497, 1499, 86 Cal. Rptr.2d 65.)
Contrary to Clayborn's assertion, both cases expressly set forth that relief from a mistake contained in a section 998 settlement may be appropriate under section 473 by applying a reasonably prudent person standard. (Premium, supra, 72 Cal.App.4th at p. 1496, 86 Cal.Rptr.2d 65; Pazderka, supra, 62 Cal.App.4th at p. 671, 73 Cal.Rptr.2d 242.) Here, the trial court properly analyzed Zamora's section 473 motion under that standard. The trial court summarized its reasoning as follows:

*496 "I feel that 473 does apply. Pazderka says so. And I agree that the test is what is contained on page 671 of Pazderka. I find that in this case thethat there was a mistake. That it was ministerial or clerical in nature. It was not a mistake of the kind described in Pazderka where the attorney through his own misjudgment failed to include attorneys fees in the offer. He sent the offer out with that omission and then later realized that he should have included it. In this case we have the undisputed evidence, which I accept, that Mr. Gates dictated a 998 offer to his secretary or legal assistant that provided for an offer of judgment for approximately $150,000 in favor of Mr. Gates' client, however, it got typed in the opposite manner. And because he was out of town, he authorized her to send it out. So that he did not personally review it before it went out. To me this is a classic mistake. I think it is the kind of mistake that ordinarily could be made by a person with no special training or skill. I think it's analogous to mistyping a number, as I have stated, by putting an extra zero in or taking a zero out, that type of mistake. I think that is what 473 is designed to grant relief for. .... But I think that under the Pazderka test this case meets that test and I am granting the motion under 473 to set aside the judgment."
Clayborn further contends that under general contract law, the section 998 settlement agreement must stand absent fraud or undue influence. Both Premium and Pazderka noted "general contract principles govern section 998 offers as long as those principles `neither conflict with the statute nor defeat its purpose' [citation]....." (Premium, supra, 72 Cal. App.4th at p. 1496, 86 Cal.Rptr.2d 65; Pazderka, supra, 62 Cal.App.4th at p. 672, 73 Cal.Rptr.2d 242.) Both cases also indicated in dicta that because there had been no showing of fraud or undue influence, no contract principle justified vacating the section 998 settlements. (Premium, supra, 72 Cal.App.4th at p. 1497, 86 Cal. Rptr.2d 65; Pazderka, supra, 62 Cal. App.4th at p. 672, 73 Cal.Rptr.2d 242.)
We do not read Pazderka and Premium as only allowing relief from a section 998 offer to compromise upon a finding of fraud or undue influence. To do so would render section 473 meaningless in all cases involving section 998. Section 473 provides relief only in cases involving "mistake, inadvertence, surprise, or excusable neglect." There is no section 473 basis to vacate a judgment involving fraud or undue influence. Contract principles such as fraud or undue influence are alternative, mutually exclusive grounds for providing relief from a section 998 offer to compromise when section 473 is inapplicable. Had the Legislature intended to exclude section 998 offers to compromise from the ambit of section 473, it could have so provided. (See, e.g., Metropolitan Water District of Southern California v. Imperial Irrigation Dist. (2000) 80 Cal.App.4th 1403, 1430, 96 Cal.Rptr.2d 314; Gibson v. Bobroff (1996) 49 Cal.App.4th 1202, 1207-1208, 57 Cal.Rptr.2d 235.)
We conclude the trial court properly applied section 473 to vacate the section 998 judgment under Premium and Pazderka. Accordingly, we find no abuse of discretion.

DISPOSITION
The order granting the motion is affirmed. Costs on appeal are awarded to Zamora.
HARRIS, Acting P.J., and WISEMAN, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.
[1] All further statutory references are to the Code of Civil Procedure.
[2] Effective January 1, 1997, the Legislature amended section 473 by dividing its various provisions into subdivisions. (Stats. 1996, ch. 60, § 1, p. 243.) All further references to section 473 are to its subdivision (b).
[3] Section 998 provides in part: "(b) Not less than 10 days prior to commencement of trial .... any party may serve an offer in writing upon any other party to the action to allow judgment to be taken .... in accordance with the terms and conditions stated at that time. [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly.....[¶] (2) If the offer is not accepted prior to trial .... or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial....."
[**] See footnote *, ante.