[No. G031662. Fourth Dist., Div. Three. June 25, 2004.]

TOM T. PETROU et al., Plaintiffs and Appellants, v.
SOUTH COAST EMERGENCY GROUP et al., Defendants and
Respondents.

### COUNSEL

Kimberly A. Knill for Plaintiffs and Appellants.

Thelen Reid & Priest, Kenneth R. Pedroza, Marytza Mendizabal; Carroll, Kelly, Trotter, Franzen & McKenna and Gregory M. Hulbert for Defendants and Respondents.

### OPINION

**RYLAARSDAM, Acting P. J.**—Plaintiffs Tom T. and Barbara Petrou appeal from a judgment entered after the court dismissed their medical malpractice action when they were precluded from putting on expert testimony as to the standard of care. They contend the court erred when it ruled their expert witness was not qualified under Health & Safety Code section 1799.110, subdivision (c) (section 1799.110(c)) because he did not have substantial experience as an emergency room physician within five years of the date of trial and disallowed his testimony. (All further statutory references are to this code unless otherwise stated.) We conclude the five-year period set out in that statute is to be measured from the date of the alleged malpractice and therefore reverse the judgment.

### FACTS

The Petrous filed a medical malpractice action against defendants David Allen Reid, M.D., and South Coast Emergency Group based on treatment Tom Petrou received from Reid in an emergency room in November 1999. In September 2001, plaintiffs designated Ronald Crowell, M.D., as their expert witness to testify as to the applicable standard of care in an emergency room. He is board certified in emergency medicine and was an emergency room physician from July 1977 through March 31, 1998. Since the end of October 2001, he has practiced occupational medicine.

Trial was initially set for November 2001 but did not begin until late October 2002. Defendants filed a motion in limine to prevent Crowell from testifying on the ground he did not meet the foundational requirements of section 1799.110(c). Specifically, defendants argued Crowell did not have " 'substantial professional experience "within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department." ' "

The trial judge, "with a heavy heart," granted the motion. Although "subscrib[ing] to [plaintiffs'] theory that at the time that Dr. Crowell was

consulted he certainly did have substantial E.R. experience within that five-year period," he relied on case law which he read as stating the statute required "having that substantial five years['] experience up to the time of trial." Subsequently, the court granted defendants' motion to dismiss the case under Code of Civil Procedure section 581 and entered judgment in their favor.

## DISCUSSION

Plaintiffs argue section 1799.110(c) is "too vague to be intelligible or enforceable" and thus should be declared void. Alternatively, they assert that if the section is constitutional, it is still ambiguous, requiring interpretation. They contend that under the proper construction, Crowell meets the requirement of substantial experience within the last five years and thus is qualified. We decline to find the statute unconstitutional but agree with plaintiffs' interpretation of the five-year provision.

Section 1799.110(c) declares: "In any action for damages involving a claim of negligence against a physician and surgeon providing emergency medical coverage for a general acute care hospital emergency department, the court shall admit expert medical testimony only from physicians and surgeons who have had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department. For purposes of this section, 'substantial professional experience' shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occurred."

■ Section 1799.110(c) is part of a larger Good Samaritan statutory enactment (*James v. St. Elizabeth Community Hospital* (1994) 30 Cal.App.4th 73, 81 [35 Cal.Rptr.2d 372]), the intent of which was "to promote the provision of emergency medical care by giving dedicated emergency room physicians a measure of protection from malpractice claims. [Citations.]" (*Miranda v. National Emergency Services, Inc.* (1995) 35 Cal.App.4th 894, 904 [41 Cal.Rptr.2d 593].) Thus, the section requires that an expert testifying in a malpractice action as to the standard of care must be one who has "substantial professional experience" in providing emergency medical services in an emergency room. (§ 1799.110(c); see *Miranda v. National Emergency Services, Inc., supra,* 35 Cal.App.4th at p. 900; *Zavala v. Board of Trustees* (1993) 16 Cal.App.4th 1755, 1762–1763 [20 Cal.Rptr.2d 768].)

Section 1799.110(c) states that this substantial professional experience must be "within the last five years." This raises the question of when the five-year period begins. There is no statutory language that plainly delineates that date.

■ Where the provisions of a statute are ambiguous, we must engage in statutory construction with the goal of determining the intent of the Legislature to thereby effectuate the purpose of the statute. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].) We first examine the words of the statute itself, attributing the usual and ordinary meaning to them. (*Valley Vista Services, Inc. v. City of Monterey Park* (2004) 118 Cal.App.4th 881, 888 [13 Cal.Rptr.3d 433].) We interpret the words in context and "in light of the nature and obvious purpose of the statute where they appear." (*Ibid.*)

Each side here suggests a different date from which to measure the five-year period. Defendants contend it runs from the date of admission of testimony, here the trial, relying on that portion of the section that states "the court shall *admit* expert medical testimony only from physicians and surgeons who have had substantial professional experience . . . ." (§ 1799.110(c), italics added.) Plaintiffs argue we should interpret the section so the five-year period runs from the date of occurrence of the malpractice. This, they assert, best effects the legislative intent. Both dates are plausible based on the language of the statute alone, but plaintiffs' construction is "practical, not technical, and . . . result[s] in wise policy rather than mischief or absurdity." (*Valley Vista Services, Inc. v. City of Monterey Park, supra,* 118 Cal.App.4th at p. 888.)

■ The parties acknowledge the relevant standard of care in a medical malpractice case is the one existing at the time the alleged malpractice occurred. Thus, it is logical that the section demands expert witnesses with substantial professional experience at the time of the treatment in question. In many instances, the acts which are the subject of the lawsuit will have occurred more than five years before a case is actually tried. If the trial date is used, as defendants maintain, it is possible that an expert who has been providing services in an emergency room for five years preceding trial would not have been performing in the emergency room at the time of the alleged malpractice. While the statute does not require that an expert be an emergency room physician on the date of the incident, when choosing whether the substantial experience falls within five years of the alleged malpractice or within five years of trial, there seems no doubt that the former is what the Legislature intended. Again, we " 'must keep in mind the object to be achieved, and the evil to be prevented, by the legislation.' [Citation.]" (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220 [120 Cal.Rptr.2d

879].) Where there are two possible interpretations of a statute, we endorse that "which is the more natural and logical. [Citations.]" (*County of Orange v. Bezaire* (2004) 117 Cal.App.4th 121, 130 [11 Cal.Rptr.3d 478].)

Here, plaintiffs' designated expert was an emergency room physician for over 20 years. He discontinued this type of practice about a year and a half before defendants' alleged malpractice. Put another way, he provided emergency room services for almost three-and-one-half years before the incident. Thus, if the five-year period was measured from the date of the malpractice, it would have been reasonable for the court to have determined he had "substantial professional experience" and thus was qualified under section 1799.110(c). But the trial did not commence until three years after the incident. Counting the five years from that date, the expert had only six months of emergency room experience. This is what disqualified him.

In addition, defendants' interpretation makes application of the statute uncertain, contrary to the strictures of statutory construction. (*Escobedo v. Estate of Snider* (1997) 14 Cal.4th 1214, 1226 [60 Cal.Rptr.2d 722, 930 P.2d 979] [when interpreting statutes, courts should adopt a construction that leads to "fairer and more predictable consequences"].) Common wisdom dictates an expert should be designated early in a case. (Flahavan et al., Cal. Practice Guide: Personal Injury (The Rutter Group 2003) ¶ 2:1015, p. 2-318.9.) But using defendants' interpretation, a party could never be sure if an expert qualified at the time of designation would remain qualified up to the time of trial. Even if the physician was practicing in an emergency room at the time of designation, pretrial appeals could delay trial beyond five years. The only way a party could ensure its expert would not be disqualified would be to engage one who would have five years' experience both at the time of trial and at the time of the incident. In effect, the expert would have to guarantee that after being designated he or she would continue practicing emergency room medicine until trial. This would impose a new requirement for selecting an expert which is not included in the language of the section and thus is not an intended result.

We cannot sanction such an interpretation. " '[I]t is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citations.]' " (*Jurcoane v. Superior Court* (2001) 93 Cal.App.4th 886, 893 [113 Cal.Rptr.2d 483].) We will "not add language to a statute that runs afoul of its statutory purpose." (*FNB Mortgage Corp. v. Pacific General Group* (1999) 76 Cal.App.4th 1116, 1132 [90 Cal.Rptr.2d 841], italics omitted.)

Defendants contend the solution in a case like this where delay of the trial negates the requisite emergency room experience is for a party to designate

another expert. But that would complicate discovery and increase litigation expenses, both of which are contrary to well-established policies of speedy, efficient, and cost-effective discovery and litigation. (See, e.g., *Fein v. Permanente Medical Group* (1985) 38 Cal.3d 137, 159 [211 Cal.Rptr. 368, 695 P.2d 665] [Medical Injury Compensation Reform Act enacted in part to reduce cost and increase efficiency of medical malpractice actions]; *San Diego Unified Port Dist. v. Douglas E. Barnhart, Inc.* (2002) 95 Cal.App.4th 1400, 1402 [116 Cal.Rptr.2d 65] [case deemed "complex" and case management order issued " 'to reduce the costs and difficulties of discovery and trial' "]; *Gibson v. Bobroff* (1996) 49 Cal.App.4th 1202, 1208–1209 [57 Cal.Rptr.2d 235] [statute providing for imposition of mediation costs intended to "encourage the fair, efficient and cost-effective resolution of disputes"]; *Beverly Hospital v. Superior Court* (1993) 19 Cal.App.4th 1289, 1295 [24 Cal.Rptr.2d 238] [time limits on discovery imposed to expedite trial preparation and avoid delay].)

Defendants' suggestion is a patchwork solution for a problem created only by their insistence on using the trial date as the measuring mark. It is not necessary if we use the date of the alleged malpractice. In that case, a party will know at the time of designation that the expert meets the requirements of the section, no matter when the trial actually occurs. This interpretation provides certainty and "results in a logical and workable scheme. [Citation.]" (*Miranda v. National Emergency Services, supra,* 35 Cal.App.4th at p. 907.)

In reaching this conclusion, we are not ignoring the clause on which defendants rely, i.e., "the court shall admit expert medical testimony . . . ." We are cognizant of the requirement that an interpretation give effect to all the words and phrases and not render any portion of the statute surplusage. (*Cabrini Villas Homeowners Assn. v. Haghverdian* (2003) 111 Cal.App.4th 683, 689–690 [4 Cal.Rptr.3d 192].) We agree with plaintiffs that this language sets out the overall context of the section that deals with the admission of expert testimony in general, rather than delineating the time period during which the emergency room experience is required.

In support of their interpretation, defendants rely on *Miranda v. National Emergency Services, Inc., supra,* 35 Cal.App.4th 894, arguing it held the five-year period was measured from the time of trial. Not so. *Miranda* did state that an expert witness was qualified under section 1799.110(c) "if he or she is a physician who has had 'substantial professional experience,' within the five years preceding the trial, while employed or otherwise engaged by a general acute care hospital to provide treatment in its emergency room as an 'emergency room physician.' [Citation.]" (35 Cal.App.4th at p. 905.) But this must be viewed in the context of the issue considered, whether a physician who worked sporadically as a consultant in an emergency room provided "emergency medical coverage" so as to be qualified as an expert. Although

the court engaged in a lengthy analysis of the section to resolve that question, it did not examine at all the five-year language. Thus, the statement referring to experience within five years of trial is pure dictum. " 'Language used in any opinion is of course to be understood in . . . light of the facts and the issue . . . before the court, and an opinion is not authority for a proposition not therein considered.' [Citation.]" (*FNB Mortgage Corp v. Pacific General Group, supra,* 76 Cal.App.4th at p. 1132.)

The same is true for a similar statement in *Zavala v. Board of Trustees, supra,* 16 Cal.App.4th 1755, on which defendants also rely. There, after a proposed expert testified on voir dire that he was not an emergency room physician and had not practiced as such in the last five years, the trial court refused to allow him to testify. The Court of Appeal affirmed this ruling, thus implicitly finding the five years ran from the time of trial. But again, as in *Miranda,* the five-year period was not the issue. Rather, the case dealt with the meaning of "emergency room coverage." (*Zavala v. Board of Trustees, supra,* 16 Cal.App.4th at pp. 1762–1763.)

## DISPOSITION

The judgment is reversed. Appellants shall recover costs on appeal.

Fybel, J., and Ikola, J., concurred.