Filed 11/30/20  P. ex rel. Tonti v. Living Rebos  CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE ex rel. ALISON TONTI,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>LIVING REBOS, LLC, et al.,<br><br>        Defendants and Respondents. | B302774<br><br>(Los Angeles County Super. Ct. No. BC674091) |

APPEAL from orders of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed in part, reversed in part with instructions.

Medvei Law Group and Sebastian M. Medvei for Plaintiff and Appellant People ex rel. Alison Tonti.

Kirkland & Ellis, Sierra Elizabeth and James R.P. Hileman for Defendant and Respondent Avee Laboratories, Inc.

No appearance for Defendants and Respondents Living Rebos, LLC, M-Brace Treatment, Inc., Millennium Health, LLC, Sobertec, LLC, and Upfront Labs, LLC.

Plaintiff and appellant Alison Tonti appeals the awards of costs to defendants. Two of the defendants prevailed on summary judgment motions; the remainder were abruptly dismissed with prejudice by Tonti days before their motions were set to be heard. The court awarded costs to all defendants. We conclude that Government Code section 69950 limits the recoverable transcription fees charged by the pro tempore court reporter retained by defendant Millenium Health, LLC to transcribe its summary judgment hearing, and that the court erred in awarding costs above that statutory amount. In all other respects, we affirm.

## BACKGROUND

The underlying facts and procedural history of this qui tam lawsuit are described in detail in our earlier opinion, *People ex rel. Tonti v. Living Rebos, LLC et al.* (Aug. 12, 2020, B295815) [nonpub. opn.] (*Tonti I*). While the *Tonti I* appeal was pending, the two defendants whose summary judgments had been granted—namely, Millenium Health, LLC and Avee Laboratories, Inc.—submitted cost bills to the trial court. The remaining defendants with summary judgment motions pending at the time of the dismissal of the entire case—namely, Living Rebos, LLC, M-Brace Treatment, Inc., Sobertec, LLC, and Upfront Labs, LLC—also submitted cost bills to the trial court. Plaintiff filed motions to tax costs addressed to all four of the cost bills. All defendants filed written oppositions to the motions to tax costs, and plaintiff filed written replies.

2

The court awarded costs as follows:

| Defendant(s) | Request | Amt. Taxed | Net Award |
|---|---|---|---|
| Millenium Health | $4,298.53 | $66.50 | $4,232.03 |
| Living Rebos/ M Brace | $8,923.82 | $1,516.31 | $7,407.51 |
| Sobertec/Upfront | $3,474.80 | $0.00 | $3,474.80 |
| Avee Labs | $10,878.64 | $4,819.15 | $6,059.49 |

Plaintiff timely appealed these orders.

## DISCUSSION

### I.    Standard of Review

Pursuant to Code of Civil Procedure[1] section 1032, subdivision (b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Plaintiff has not challenged the status of the above defendants as prevailing parties for purposes of the cost awards at issue.[2]

" '[S]ection 1033.5 sets forth the items that are and are not allowable as the costs recoverable by a prevailing party under section 1032[.]' (*Chaaban v. Wet Seal, Inc.* (2012)

---

[1] Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

[2] On August 12, 2020, plaintiff filed a motion for summary reversal based on this court's decision setting aside plaintiff's unauthorized dismissal in *Tonti I*. This motion was denied on September 24, 2020. Plaintiff renewed the same arguments in a request for judicial notice filed on October 22, 2020. This request is likewise denied. All parties to whom costs were awarded were prevailing parties as of the time of the awards.

203 Cal.App.4th 49, 52 . . . .)  Specifically, section 1033.5, subdivision (a) enumerates the items that are *allowable* as costs, while subdivision (b) lists the items for which costs *may not* be recovered.  (§ 1033.5, subds. (a) & (b).)  Under section 1033.5, subdivision (c)(4), however, cost items that are neither permitted under subdivision (a) nor prohibited under subdivision (b) may nevertheless be 'allowed or denied in the court's discretion.'  (§ 1033.5, subd. (c)(4); see also *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 363–364 . . . .)  All costs awarded, whether expressly permitted under subdivision (a) or awardable in the trial court's discretion under subdivision (c), must be 'reasonably necessary to the conduct of the litigation' and be 'reasonable in amount.'  (§ 1033.5, subds. (c)(2) & (3).)

" 'Generally, the standard of review of an award of costs is whether the trial court abused its discretion in making the award.  [Citation.]  However, when the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction, it presents a question of law requiring de novo review.  [Citation.]' (*Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139 . . . .)  ' " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' . . .' " [Citations.]' (*Brawley v. J.C. Interiors, Inc.* (2008) 161 Cal.App.4th 1126, 1137–1138 . . . .)" (*Segal v. Asics America Corp.* (2020) 50 Cal.App.5th 659, 664-665, italics added.)

Verification of the memorandum of costs by the prevailing party's attorney establishes a prima facie showing that the claimed costs are proper.  (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1267.)  "There is no requirement that copies of bills, invoices, statements, or any other such documents

4

be attached to the memorandum." (*Ibid*.)  To overcome this prima facie showing, the objecting party must introduce evidence to support his claim that the costs are not reasonably necessary or are not reasonable in amount.  Mere conclusory assertions are insufficient to rebut a prima facie showing by the prevailing party.  (*Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266.)

Although all defendants filed written oppositions to plaintiff's motions to tax costs, only defendant Avee Laboratories, Inc. has filed a respondent's brief in this appeal. "[F]ailure to file a respondent's brief does not mandate automatic reversal, however.  Instead, we examine the record and reverse only if prejudicial error is found.  (Cal. Rules of Court, rule 8.220(a), (b); *Estate of Supeck* (1990) 225 Cal.App.3d 360, 365 . . . .)" (*Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 593, fn. 2.)

## II.    The Costs at Issue

### A.    *Deposition Costs*

Plaintiff has challenged the trial court's award of deposition costs as to all defendants.  Below is a summary of the trial court's awards in this category:

| Defendant(s) | Request | Amt. Taxed | Net Award |
|---|---|---|---|
| Millenium Health | $2,143.74 | $0.00 | $2,143.74 |
| Living Rebos/ M-Brace | $2,320.00 | $0.00 | $2,320.00 |
| Sobertec/Upfront | $1,006.30 | $0.00 | $1,006.30 |
| Avee Labs | $4,493.95 | $1,853.20 | $2,640.75 |

Section 1033.5, subdivision (a)(3)(A) provides that costs for "[t]aking, video recording, and transcribing necessary depositions" are allowable, as are travel expenses to attend depositions. These costs all relate to the cost of transcripts of plaintiff's deposition, which each of the four defendant groups ordered. Plaintiff contends that once a single defendant has paid for the cost of reporting the deposition, the remaining defendants have no obligation to pay for their own certified copies of the transcripts or recordings. We disagree. Plaintiff cites no authority for this proposition, and plaintiff's contention is contrary to the regulations under which deposition reporters operate.[3] The record indicates that each defendant group ordered copies of the deposition to support their motions for summary judgment. Thus, they were reasonably necessary for the conduct of the defense. Nor do the costs appear to be excessive.

Plaintiff further argues that the reporting of this deposition should have been subject to the limited transcription fees for official court reporters set forth in Government Code section 69950. But "[s]ections 69950 and 69954 regulate only transcription fees *for proceedings in the superior court*. The statutes do not prevent a private reporter from charging contract rates for court appearances and costs incurred while serving as an official reporter pro tempore or for producing deposition

---

[3] California Code of Regulations, title 16, section 2403, subdivision (b)(9) and (10) provide that the deposition reporter must "promptly transmit[ ] [the deposition transcript] to the attorney for the party who noticed the deposition" and "mak[e] a transcript of [the] deposition testimony available to any party requesting a copy, on payment of a reasonable charge."

6

transcripts." (*Burd v. Barkley Court Reporters, Inc.* (2017) 17 Cal.App.5th 1037, 1050 (*Burd*), italics added.)

### B. *Filing and Motion Fees*

Plaintiff has challenged the trial court's award of filing and motion fees as to all defendants.  Below is a summary of the trial court's awards in this category:

| Defendant(s) | Request | Amt. Taxed | Net Award |
|---|---|---|---|
| Millenium Health | $1,520.14 | $0.00 | $1,520.14 |
| Living Rebos/ M-Brace | $4,913.16 | $61.65 | $4,851.51 |
| Sobertec/Upfront | $2,170.00 | $0.00 | $2,170.00 |
| Avee Labs | $4,605.84 | $1,224.20 | $3,381.64 |

Pursuant to section 1033.5, subdivision (a)(l), filing and motion fees are allowable costs, and under section 1033.5, subdivision (c), related expenses that are "reasonably necessary" to the conduct of the litigation are allowable in the court's discretion.

Plaintiff's principal objection to all the costs claimed by the various defendant groups is that, except for Avee Laboratories, these defendants did not submit detailed invoices or other records showing that these amounts were actually incurred.  But such an objection, essentially stating that the opposing party does not believe that the costs were actually incurred, is not sufficient to shift such burden to the parties claiming costs.  "[T]he mere filing of a motion to tax costs may be a 'proper objection' to an item, the necessity of which appears doubtful, or which does not appear to be proper on its face. (See *Oak Grove School Dist. v. City Title*

*Ins. Co.* (1963) 217 Cal.App.2d 678, 698–699 . . . .)  However, '[i]f the items appear to be proper charges, the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing that an item is not properly chargeable or is unreasonable is upon the [objecting party].'  (*Id.* at p. 699 . . . .)"  (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.)  Here, all the categories of charges were properly recoverable under section 1033.5 and supported by declarations of the respective attorneys.  Thus, defendants met their burden to support recovery of their costs. The plaintiff's mere objection that the costs were not actually incurred or were excessive was insufficient to meet her burden or to shift the burden to the defendants to further support their requests.[4]

### C.    *Reporter Pro Tempore Cost*

Millenium Health arranged for a private reporter to report the court hearing on its summary judgment motion.  The reporter was appointed as an official court reporter pro tempore pursuant to Government Code sections 68086 and 70044 and rule 2.956 of the California Rules of Court.

The trial court approved reimbursement to Millenium Health of $568.15 for this privately retained reporter.  Plaintiff asserts that the trial court should not have awarded more than the statutory rate for official court reporters set forth in Government Code section 69950, and that $568.15 is in excess of

---

[4] Avee has agreed on appeal to reduce its claim in this category by $66.60 to account for possible duplication of charges.

the amount authorized by that section.[5]  Plaintiff is correct as to the law.  As noted above, Government Code section 69950 regulates costs for the transcription of superior court proceedings, a category into which a summary judgment hearing falls.

In *Burd, supra,* 17 Cal.App.5th 1037, the court concluded that "[t]he plain language of [Government Code] sections 69950 and 69954 apply the statutory transcription rates to reporters serving as official reporters or as official reporters pro tempore in the superior courts, *regardless of whether they are employed by the court or privately retained by a party.*" (*Id.* at pp. 1050–1051, italics added; see *id.* at p. 1047 [the Legislature intended "to apply statutory transcription rates to official reporters pro tempore generally, whether employed by the court or privately retained by a party"].)  Thus, plaintiff is correct that the reporter pro tempore allowable cost is limited by the fee schedule set forth in Government Code section 69950.[6]

---

[5] Government Code section 69950, subdivision (a), provides: "The fee for transcription for original ribbon or printed copy is eighty-five cents ($0.85) for each 100 words, and for each copy purchased at the same time by the court, party, or other person purchasing the original, fifteen cents ($0.15) for each 100 words."

[6] Dicta in a case predating *Burd—Urban Pacific Equities Corp. v. Superior Court* (1997) 59 Cal.App.4th 688 (*Urban Pacific*)—notes that "[a]lthough the fees charged by court-retained reporters are fixed by statute (Gov. Code, §§ 69947, 69948, 69950), there is no statute regulating the fees charged by private reporting firms, and deposition reporters are free to charge all the market will bear." (*Urban Pacific, supra*, at pp. 691–692.)  But *Urban Pacific* dealt with deposition transcription services, to which, as noted, Government Code section 69950 does not apply.

9

Accordingly, the costs for this transcript should have been taxed to the amount computed under Government Code section 69950, subdivision (a).

## DISPOSITION

The award for the pro tempore court reporter costs to Millenium Health is reversed and the trial court is instructed to tax those costs in accordance with the applicable rates set forth in Government Code section 69950, subdivision (a).  In all other respects the awards are affirmed.

All parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:


CHANEY J.


BENDIX, J.

10