Filed 12/19/24  Chang v. Fire Insurance Exchange CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| WILD CHANG et al., | B334217 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC650876) |
| v. | |
| FIRE INSURANCE EXCHANGE et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Wild Chang, in pro. per., Kenneth Lo, in pro. per., Wild Chang, Jr., in pro. per., for Plaintiffs and Appellants.

Woolls Peer Dollinger & Scher, Gregory B. Scher and H. Douglas Galt for Defendants and Respondents.

_____

# INTRODUCTION

Plaintiffs Wild Chang and Kenneth Lo appeal from a postjudgment order denying their motion to strike or tax costs. The trial court awarded costs to defendants Fire Insurance Exchange and Stacy Chern (collectively, insurance defendants) after the trial court granted their motion for terminating sanctions and entered judgment in their favor. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.  *Plaintiffs' Insurance Claim and Consolidated Actions*

The underlying consolidated actions in this matter arose out of an insurance claim that plaintiffs submitted for losses caused by a fire in their home in 2014. In 2016, Fire Insurance Exchange offered to pay $19,925.91 in structural repairs, which plaintiffs rejected. In 2017, plaintiffs Chang and Lo filed their original complaint against Farmers Insurance Company, Inc. (Farmers), Fire Insurance Exchange, Stacy Chern Insurance Agency, and Chern.[1]

In May 2019, the insurance defendants made settlement offers of $14,242.56 each to Chang and Lo pursuant to Code of Civil Procedure section 998.[2] The offers each stated: "This offer expires the earlier of 30 days from the date hereof, or at the

---

[1]  Chang and Lo filed an amended complaint substituting Farmers Insurance Group of Companies for Farmers, but subsequently they voluntarily dismissed this defendant with prejudice.

[2]  Undesignated statutory references are to the Code of Civil Procedure.

commencement of trial." The offers each provided a signature line to indicate acceptance, in exchange for a dismissal of the action with prejudice, and attached a forensic examiner's analysis and extensive itemized repair estimates. Chang and Lo did not accept the section 998 offers.

In January 2021, plaintiffs Chang, Lo, and Chang Jr. filed a second action against Farmers, Fire Insurance Exchange, Chern, and defendants' counsel, Woolls Peer.[3] The actions were consolidated and the operative third amended complaint deemed filed in July 2021. In the third amended complaint, plaintiffs alleged causes of action for fraud, breach of the covenant of good faith and fair dealing, breach of contract, unfair business practices, professional negligence, and emotional distress against all defendants. Farmers demurred to the third amended complaint on numerous grounds, which the trial court sustained, and this court affirmed on appeal. (*Chang v. Farmers Insurance Company, Inc.* (June 16, 2023, B321411) [nonpub. opn.].)

The trial court also sustained demurrers by the insurance defendants to the fraud and emotional distress causes of action, including those of Chang Jr. Plaintiffs filed a petition for writ of mandate seeking to vacate the trial court's order sustaining the demurrers without leave to amend, which this court denied. (*Chang v. Superior Court* (January 5, 2022, B317135).) That left Chang and Lo as the only remaining plaintiffs.

---

[3] Woolls Peer filed a special motion to strike (anti-SLAPP motion) under section 425.16, which the trial court granted, and this court affirmed on appeal. (*Chang v. Farmers Insurance Company, Inc.* (June 14, 2023, B317518) [nonpub. opn.].)

As the matter neared trial, the trial court issued several discovery orders with which Chang and Lo did not comply. In November 2022, the trial court granted a motion for terminating sanctions filed by the insurance defendants (the only remaining defendants) and entered judgment against Chang and Lo on the remaining causes of action (for breach of the covenant of good faith and fair dealing, breach of contract, unfair business practices against Fire Insurance Exchange, and professional negligence against Chern). This court affirmed the judgment on appeal. (*Chang v. Fire Insurance Exchange* (June 24, 2024, B326896) [nonpub. opn.].)

B.      *The Trial Court's Award of Costs to the Insurance Defendants*

In December 2022, the insurance defendants filed a memorandum of costs requesting approximately $16,882 in costs, including: $7,500 in expert witness fees for work performed in August 2019 by their expert witness in preparation for trial; $3,143 in filing and motion fees from 2018 to 2022; $2,525 in court reporter fees; $1,571 for printing of trial binders and exhibits; and $2,143 in electronic service and attorney courtesy copy charges.

Plaintiffs moved to strike or tax costs on multiple grounds, including that the expert witness fees were not recoverable because the matter was never tried, no invoices were attached, and expert witness fees are generally not recoverable as costs. In their opposition, the insurance defendants provided an invoice for expert witness fees of $7,570 (consisting of a setup fee and 21.20 hours at $350 per hour), and they argued the expert witness fees

4

were recoverable because they were incurred after a valid settlement offer pursuant to section 998.

On October 4, 2023, the trial court granted in part and denied in part plaintiffs' motion to tax costs. As relevant here, the trial court awarded $7,500 in expert witness fees under section 998.[4]

The trial court entered an order granting $14,849.75 in costs to the insurance defendants.

Chang and Lo timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

Generally, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding" (§ 1032), including "a defendant in whose favor a dismissal is entered" (*id.*, subd. (a)(4)). "'"[C]osts" of a civil action consist of the expenses of litigation . . . . The right to recover any of such costs is determined entirely by statute.'" (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1148; accord,

---

[4]    The court also awarded $2,123 in filing and motion fees it found reasonably necessary to the conduct of the litigation (§ 1033.5, subds. (a)(1), (c)(2)), and declined to award $1,020 as duplicative of a prior sanctions award. The court awarded the full $2,525 amount of claimed court reporter fees. (§ 1033.5, subd. (a)(11).) The court awarded $558.75 in costs for printing of trial exhibits (§ 1033.5, subd. (a)(13), and declined to award an additional $1,012.25 as unsubstantiated. And the court awarded the full $2,143 in electronic service and attorney courtesy copy charges (§ 1033.5, subd. (c)(2)), finding them reasonably necessary to the conduct of the litigation.

*Khosravan v. Chevron Corp.* (2021) 66 Cal.App.5th 288, 294 (*Khosravan*); see § 1033.5, subds. (a) & (b) [listing allowable and not allowable costs].)

Section 998 allows for recovery of expert witness costs in certain circumstances.  Subdivision (c)(1) of section 998 states: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff . . . shall pay the defendant's costs from the time of the offer.  In addition, . . . the court . . . , in its discretion, may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . . , or during trial . . . , of the case by the defendant."  (§ 998, subd. (c)(1); see *Khosravan, supra,* 66 Cal.App.5th at p. 294.)

Generally, we review the trial court's ruling on a motion to tax costs for an abuse of discretion.  (See *Wheeler v. First National Bank* (1937) 10 Cal.2d 185, 190-191; § 1032, subd. (a)(4).)  ""However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of . . . costs in this context have been satisfied amounts to statutory construction and a question of law.""  (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751; accord, *Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139 (*Berkeley Cement*).)

""We independently review whether a section 998 settlement offer was valid.""  (*Khosravan, supra,* 66 Cal.App.5th at p. 295; accord, *Prince v. Invensure Ins. Brokers, Inc.* (2018) 23 Cal.App.5th 614, 622.)  But "the actual award and the

reasonableness of the offer are reviewed for abuse of discretion." *Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 20.) "'"'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'"'"" (*Berkeley Cement, supra,* 30 Cal.App.5th at p. 1140; see *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100 (*Gaines*) [trial court's discretionary application of law to facts "'is reversible only if arbitrary and capricious'"].)

B.      *The Costs Award Was Not Erroneous or an Abuse of Discretion*
         1.      *Expert Witness Fees as Costs*
         The statutory basis for the trial court's award of expert witness fees was section 998. "To trigger the operation of section 998, an offer must be valid and made in good faith. An offer is valid if it (i) complies with the statutory requirements that it be in writing, contain the terms of the offer, include a mechanism for acceptance, and provide for entry of judgment or a legal equivalent if accepted [citations]; and (ii) is 'sufficiently specific to allow the recipient to evaluate the worth of the offer and make a reasoned decision whether to accept the offer.'" (*Ayers v. FCA US, LLC* (2024) 99 Cal.App.5th 1280, 1293 (*Ayers*), quoting *Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 764.) "On a motion to strike or tax costs, '[t]he [initial] burden is on the offering party to demonstrate that the offer is valid under section 998.'" (*Khosravan, supra,* 66 Cal.App.5th at p. 294; see *Ignacio v.*

*Caracciolo* (2016) 2 Cal.App.5th 81, 86.)  "Once the offeror shows the section 998 offer is valid, the burden shifts to the offeree to show the offer was not made in good faith." (*Khosravan,* at p. 296; see *Licudine v. Cedars-Sinai Medical Center* (2019) 30 Cal.App.5th 918, 926 (*Licudine*).)  An offer is made in good faith if it "is '"realistically reasonable under the circumstances of the particular case"' [citation]—that is, if the offer '"carr[ies] with it some reasonable prospect of acceptance."'" (*Licudine,* at p. 924.)  "'"'Where . . . the offeror obtains a judgment more favorable than its offer, the judgment constitutes prima facie evidence showing the offer was reasonable and the offeror is eligible for costs as specified in section 998.'"'" (*Khosravan,* at p. 295).

The trial court did not abuse its discretion in awarding the insurance defendants their postoffer expert witness fees.  First, the insurance defendants made section 998 offers of $14,242.56 each to Chang and Lo in May 2019, which were not accepted.  We independently examine the section 998 offers and conclude the offers were valid: they were in writing; clear as to amounts, parties, and terms; included a mechanism for acceptance and entry of judgment; and contained detailed reports and cost estimates from the insurance investigators "'sufficiently specific to allow [Chang and Lo] to evaluate the worth of the offer and make a reasoned decision whether to accept the offer.'" (*Ayers, supra,* 99 Cal.App.5th at p. 1293; see *Khosravan, supra,* 66 Cal.App.5th at p. 295.)  Plaintiffs make no argument that the section 998 offers they received were invalid.

The burden then shifts to Chang and Lo to demonstrate the section 998 offers were not in good faith. (*Khosravan, supra,* 66 Cal.App.5th at p. 296; *Licudine, supra*, 30 Cal.App.5th at p. 926.) Plaintiffs do not argue or make any showing the section 998 offers were made in bad faith. Instead, they argue the insurance defendants' underlying investigation was conducted in bad faith, but that is not the relevant consideration before us and (as noted below) Chang's and Lo's bad faith claims were adjudicated against them.

Finally, the insurance defendants obtained a judgment in their favor on all the remaining causes of action brought by Chang and Lo. An award of zero damages generally "'"constitutes prima facie evidence showing the offer was reasonable and the offeror is eligible for costs as specified in section 998."'"' (*Khosravan, supra,* 66 Cal.App.5th at p. 295). Plaintiffs do not challenge the reasonableness of the expert witness fees that the insurance defendants sought, or that such fees were all incurred after the expiration of the section 998 offers. (See § 998, subd. (c); *Khosravan,* at p. 294.)

Rather than addressing whether the expert fees were proper under section 998, plaintiffs instead raise a number of other arguments. They contend that "expert witness fees, invoiced or not, are not recoverable," citing *Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616. The court in *Ripley* stated as follows: "Code of Civil Procedure section 1033.5, subdivision (b)(1), provides that the fees of experts not ordered by the court are not allowable as costs unless expressly authorized by law. The statutory provisions dealing with the compensation of experts in general do not provide for the recovery of such expenses in a cost award." (*Id.* at p. 1624.) But *Ripley* did not

involve or consider section 998, which authorizes recovery of expert witness fees.

Plaintiffs also argue that the judgment resulted from "a wrongful termination by the lower court" due to the alleged fraudulent scheme of the insurance defendants and "a sequence of wrongful rulings by the lower court." But, as noted, this court affirmed the trial court's judgment in favor of the insurance defendants, and it is final. (*Chang v. Fire Insurance Exchange, supra,* B326896.) In this case, the dismissal and entry of judgment for the insurance defendants was not on the merits but was instead a terminating sanction for plaintiffs' non-compliance with the trial court's multiple discovery orders. Plaintiffs cite no authority that a judgment entered after a grant of terminating sanction precludes an award of section 998 fees and costs, and have thus forfeited any such challenge. (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 (*Lee*) ["our review is limited to those issues that have been adequately raised and supported in the appellant's brief"]; *In re A.C.* (2017) 13 Cal.App.5th 661, 672 ["'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].'"].)

Plaintiffs had the burden to establish the insurance defendants' offer was invalid or not in good faith. (See *Khosravan, supra,* 66 Cal.App.5th at p. 296 [if section 998 offer is valid, burden shifts to the offeree to show it was not made in good faith]; *Licudine, supra,* 30 Cal.App.5th at pp. 924, 926.) As stated, Chang and Lo did not make any such showing. Accordingly, we conclude the criteria for an award of postoffer expert witness costs under section 998 were satisfied. The court

did not abuse its discretion by awarding the insurance defendants $7,500 in expert fees.

>    2.    *Other Costs Awarded*

Plaintiffs do not challenge any of the other costs awarded by the trial court.  Plaintiffs assert, without specific reference to any particular cost item, that fees or costs must be reasonable and authorized by statute and that the insurance defendants had "no rights or grounds whatsoever to submit any of the alleged costs in their Memorandum of Costs for a trial that never took place."   But the trial court's order cited the statutory basis for each item of costs it awarded, and plaintiffs make no argument that any of these were improper.  To the extent plaintiffs challenge costs awarded by the trial court other than expert witness fees, they have forfeited any such challenge by not providing reasoned argument or citing legal authority.  (See *Lee*, *supra*, 41 Cal.App.5th at p. 721; *In re A.C.*, *supra,* 13 Cal.App.5th at p. 672.)  Additionally, the trial court carefully examined the costs sought by the insurance defendants, and it did not award the full amount requested, declining to award costs that were unsubstantiated or duplicative.  We cannot say the trial court's award of costs was "arbitrary and capricious" or "exceeded the bounds of reason."  (*Berkeley Cement, supra,* 30 Cal.App.5th at p. 1140; see *Gaines, supra,* 62 Cal.4th at p. 1100.)

## DISPOSITION

The postjudgment order awarding costs is affirmed.  Fire Insurance Exchange and Chern are entitled to recover their costs on appeal.


MARTINEZ, P. J.

We concur:


SEGAL, J.


FEUER, J.