[No. E050065. Fourth Dist., Div. Two. Jan. 10, 2011.]

LEISHA HENDRIX et al., Plaintiffs and Appellants, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al.,
Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part B of the Analysis.

COUNSEL

Hayes & Cunningham, Dennis J. Hayes and Adam E. Chaikin for Plaintiffs and Appellants.

Jones Day, Robert A. Naeve and Bradley E. Schwan for Defendants and Respondents.

OPINION

McKINSTER, J.—This is an appeal by plaintiffs and appellants, Leisha Hendrix, Kathy Sellers, Jane Folmer, Eva Sager, and Phillip Livoni (collectively referred to as plaintiffs), all of whom are official court reporters employed by defendant and respondent, the Superior Court of San Bernardino County (hereafter the Court), from the judgment entered against them and in favor of the Court and defendant and respondent, Tressa Sloan Kentner, the Court's executive officer, on plaintiffs' petition for writ of mandate.[1] In that petition plaintiffs sought to compel defendants to pay them at the higher rate specified in Government Code section 69950, subdivision (a) any time plaintiffs had to recreate a previously transcribed reporter's transcript. In the published portion of this opinion we hold that the higher rate of compensation applies only to the first transcription of the reporter's notes. In the unpublished portion we hold that plaintiffs also failed to establish a contractual right to the higher rate of compensation. Therefore we will affirm the judgment.

---

[1] We refer to the Court and Kentner collectively as defendants.

## FACTUAL AND PROCEDURAL HISTORY

This is the third appeal in this matter, which began in 2006 when plaintiffs Hendrix, Sellers, and Folmer, along with their collective bargaining representative, San Bernardino Public Employees Association (SBPEA), filed their original petition for writ of mandate in case No. SCVSS137487 to compel defendants to pay them at the higher rate of compensation set out in Government Code section 69950, subdivision (a)[2] when for various reasons plaintiffs are required to recreate a reporter's transcript. Because plaintiffs had not complied with the Government Tort Claims Act, the trial court entered a judgment of dismissal on that writ petition after granting defendants' motion for judgment on the pleadings. We affirmed the judgment of dismissal in *Hendrix v. Superior Court* (Nov. 18, 2008, E044287) (nonpub. opn.) with respect to the individual claims for compensation but reversed as to the claims seeking injunctive and declaratory relief.[3]

In October 2008, plaintiffs Hendrix and Livoni filed a second petition for writ of mandate against defendants (case No. CIVSS814913) again seeking both compensation and a declaration of their rights to compensation under section 69950, subdivision (a) for original transcripts they previously had prepared but allegedly were required for various reasons to recreate. In November 2008, the trial court consolidated the two writ proceedings in accordance with the parties' stipulation and then transferred the consolidated matter to Orange County Superior Court on February 20, 2009. In June 2009, plaintiffs filed a consolidated petition for writ of mandate that combined the claims from both cases.

In that consolidated petition, plaintiffs alleged in pertinent part that plaintiffs are required to prepare transcripts of proceedings as part of their duties provided for by law; California Rules of Court, rule 8.336(d)(2) and rule 8.616(b)(1) require court reporters to prepare an "original" transcript along with a specified number of copies; when the Court first orders a court reporter to prepare a transcript, the court reporter is compensated at the rate specified in section 69950, subdivision (a), which is $0.85 for each 100 words contained in the original and $0.15 for each 100 words contained in copies ordered at the same time; court reporters are sometimes directed to produce a

---

[2] Government Code section 69950, subdivision (a) states, "The fee for transcription for original ribbon or printed copy is eighty-five cents ($0.85) for each 100 words, and for each copy purchased at the same time by the court, party, or other person purchasing the original, fifteen cents ($0.15) for each 100 words." All further statutory references are to the Government Code unless indicated otherwise.

[3] In an earlier appeal (*San Bernardino Public Employees Assn. v. Superior Court* (Oct. 17, 2007, E041539) [nonpub. opn.]), we affirmed the judgment of dismissal with respect to SBPEA, which the trial court entered after it found SBPEA did not have associational standing to pursue the action on plaintiffs' behalf.

new original of a previously produced transcript; in those instances the Court compensates reporters at the rate specified in section 69950, subdivision (b), which is $0.20 for each 100 words contained in the new original, and $0.15 for each 100 words contained in any copies ordered at the same time. Plaintiffs alleged that when court reporters are required under the noted rules of court to prepare new original transcripts of previously prepared original transcripts, the reporters must be compensated at the higher rate set out in section 69950, subdivision (a).

At a hearing on the consolidated petition held August 14, 2009, the trial court issued a tentative decision denying the petition in its entirety, but then took the matter under submission. On September 25, 2009, after requesting additional briefing, the trial court issued a second tentative ruling that also denied the writ petition. The two tentative rulings became the trial court's order. Plaintiffs appeal from the subsequently entered judgment.

## DISCUSSION

### 1.

### STANDARD OF REVIEW

■ To obtain a writ of mandate under Code of Civil Procedure section 1085 a petitioner must show, among other things, "that the respondent has failed to perform an act despite a clear, present and ministerial duty to do so, and that the petitioner has a clear, present and beneficial right to that performance." (*Riverside Sheriff's Assn. v. County of Riverside* (2003) 106 Cal.App.4th 1285, 1289 [131 Cal.Rptr.2d 454] [Fourth Dist., Div. Two].) Ordinarily we would review the trial court's denial of the writ to determine whether the findings and judgment are supported by substantial evidence. (*Ibid.*) In this case, the facts are undisputed, and in any event the issue presented does not turn on the facts but instead depends on the meaning and purpose of section 69950, subdivision ■ Statutory interpretation is a question of law, which we conduct de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799–801 [35 Cal.Rptr.2d 418, 883 P.2d 960].) ■ In determining statutory construction we begin with the well-settled principle that the objective of the endeavor is to determine and give effect to the Legislature's purpose in enacting the statute in question. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775 [72 Cal.Rptr.2d 624, 952 P.2d 641].)

## 2.

## ANALYSIS

### A. Statutory Basis of Plaintiffs' Claim

■ Section 69950 specifies the rate at which court reporters are paid for preparing transcripts from their shorthand notes of reported proceedings. The compensation rates differ depending on whether the transcript is an "original" transcription or a copy, and if a copy, whether it was ordered at the same time as the original or at a later time. Although previously quoted, it bears repeating that subdivision (a) of section 69950 states, "The fee for transcription for original ribbon or printed copy is eighty-five cents ($0.85) for each 100 words, and for each copy purchased at the same time by the court, party, or other person purchasing the original, fifteen cents ($0.15) for each 100 words." Subdivision (b) of section 69950 states, "The fee for a first copy to any court, party, or other person who does not simultaneously purchase the original shall be twenty cents ($0.20) for each 100 words, and for each additional copy, purchased at the same time, fifteen cents ($0.15) for each 100 words."

Plaintiffs contend that any time the California Rules of Court require an "original" reporter's transcript the court reporter must be compensated for preparing that transcript at the higher transcription rate set out in section 69950, subdivision (a), even if the reporter has previously transcribed the notes and prepared the transcript in question. Defendants on the other hand contend that the California Rules of Court do not address compensation and merely specify the form a transcript must take, for example, California Rules of Court, rule 8.336(d)(2), on which plaintiffs rely, states in a criminal appeal, that, "[t]he reporter must prepare an original and the same number of copies of the reporter's transcript as (c) requires of the clerk's transcript, and must certify each as correct." We agree with defendants.

■ According to its plain language, section 69950, subdivision (a) specifies the fee to be paid for "transcription" of the court reporter's notes into an "original ribbon or printed copy." The statute concerns the "original" transcription of the court reporter's notes. The California Rules of Court also refer to preparation of "an original." When viewed in context, both section 69950 and the pertinent court rules use the term "original" in its usual and ordinary sense to mean the first transcription of the reporter's notes. (See Webster's Rev. Unabridged Dict. (1913 & 1828) p. 1012 ["Original" as an adjective means "[p]ertaining to the origin or beginning; preceding all others; first in order"; as a noun, "original" means "[t]hat which precedes all others of its class; archetype; first copy."].)

■ Our conclusion that the term "original" is used in its ordinary sense to mean "first" finds additional support in the language of rule 8.336(d)(4) of the California Rules of Court which states, "Any portion of the transcript transcribed during trial must not be retyped unless necessary to correct errors, but must be repaginated and bound with any portion of the transcript not previously transcribed. Any additional copies needed must not be retyped but must be prepared by photocopying or an equivalent process." When a court reporter transcribes notes during trial and prepares the original or first transcript of that court proceeding, the reporter is compensated for that original transcription at the rate of $0.85 for each 100 words. If there is a later appeal, rule 8.336(d)(4) specifies that the previously transcribed notes are not to be retyped but instead are to be repaginated and included in the record. The rule assumes the original transcript is available and can be included in the record on appeal.

The problem that gives rise to the issue in this appeal occurs when the original transcription is no longer available for whatever reason and cannot be included in the appellate record simply by repagination. Plaintiffs contend in this situation the term "original" means the reporter must resort to his or her notes and again transcribe the proceeding into a so-called "second" or "duplicate" original. Neither section 69950 nor the court rules address this situation. Moreover, the term "original" by definition means the first, and consequently there can be no "duplicate original" transcript. Every version of the transcript after the original or first transcription is by definition a copy.[4]

■ Because section 69950 does not address compensation for preparing a new transcript when the original is no longer available, it does not create a ministerial duty on the part of defendants to pay plaintiffs at the higher rate of compensation set out in subdivision (a). That statutory duty exists only for the first, or original, transcript. (*Riverside Sheriff's Assn. v. County of Riverside, supra*, 106 Cal.App.4th at p. 1289.) Consequently, a writ of mandate cannot issue and the trial court correctly denied the writ petition in this case.

■ We reach this same conclusion with respect to plaintiffs' claims for compensation under section 69950, subdivision (a) for transcripts they have had to substantially recreate due to problems with their computers or changes in computer programs—neither the court rules nor section 69950 addresses these situations. We can do no more than reiterate our conclusion that according to its plain language, section 69950, subdivision (a) authorizes the

---

[4] We recognize that the term "duplicate original" is sometimes used to identify a copy of the reporter's transcript that for whatever reason is used in lieu of an original. We do not take issue with use of the term in this situation but note that the more accurate term is "designated original."

highest rate of compensation only for the original, meaning first, transcription. When a court reporter transcribes notes a second time the resulting transcript is not an original transcript within the meaning of section 69950, or the court rules. What that transcript should be called and the amount of compensation a reporter should receive for preparing it are matters for the Legislature and/or the Judicial Council to resolve.

For each of the reasons discussed, the trial court also correctly denied plaintiffs' request for injunctive relief, and for all other ancillary relief requested in the petition.

## B. Contractual Basis of Plaintiffs' Claim[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

Hollenhorst, Acting P. J., and Miller, J., concurred.

---

[*]See footnote, *ante*, page 889.