Filed 10/27/25  Banda-Wash v. Wash CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA S. BANDA-WASH,<br><br>Plaintiff, Cross-defendant and Respondent,<br><br>v.<br><br>JOHN WASH,<br><br>Defendant, Cross-complainant and Appellant;<br><br>PEGGY REIMER,<br><br>Defendant and Appellant. | F081600<br><br>(Super. Ct. No. 15CECG00967)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Rosemary T. McGuire, Judge.

John Wash, in pro. per., for Defendant, Cross-complainant and Appellant.

Peggy Reimer, in pro. per., for Defendant and Appellant.

Daniel L. Harralson Law Office and Daniel L. Harralson for Plaintiff, Cross-Defendant and Respondent.

-ooOoo-

Defendants John Wash and Peggy Reimer appeal from a postjudgment award of $5,634.25 in costs to plaintiff Maria S. Banda-Wash, the prevailing party in this tort action. With two exceptions, we conclude the trial court properly applied Code of Civil Procedure sections 1032 and 1033.5[1] when it allowed Maria to recover her filing and motion fees, the costs incurred for copies of the court-ordered transcripts, and the costs of photocopies of exhibits. The exceptions involve only Peggy and relate to the filing fees for Maria's demurrer to John's cross-complaint ($60) and for Maria's motion to strike portions of the first amended cross-complaint ($60).

We therefore modify the order granting Maria costs in the amount of $5,634.25 and, as modified, affirm the order.

## BACKGROUND

Because our opinion is unpublished and the parties are familiar with (1) the record, (2) the issues presented, and (3) the factual and procedural history, this opinion provides only some background information and the details necessary to inform the parties of the reasons for our decision. (Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"]; see *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

Maria's memorandum of costs on optional Judicial Council form MC-010 requested $795 in filing and motion fees (item 1), $4,472 for court-ordered transcripts (item 9), and $970.25 for photocopies of exhibits (item 12). On March 2, 2020, John and Peggy filed motions to strike or tax Maria's memorandum of costs.

In August 2020, the trial court decided the motions by modifying its tentative ruling and adopting it as the order of the court. The court found the $795 in filing and motion fees were necessarily and reasonably incurred and, as a result, did not tax or strike those fees. The court found it ordered transcripts for days five through 21 of the trial, the

---

**1** Undesignated statutory references are to the Code of Civil Procedure.

documents provided by Maria's counsel allowed the court to determine exactly the amount Maria was entitled to recover, and that amount was $3,869. The court also found Maria was entitled to recover $710.50 for the seven binders of exhibits prepared for the court, the witness stand, and the five parties appearing at the trial. The court determined the copying cost of $0.50 per page was reasonable and "the binders were helpful to the trier of fact as a whole."

Based on the foregoing determinations, the trial court denied the motions to strike the entire memorandum of costs filed by Maria. The court granted the defendant's motion to tax costs in the amount of $698.79 and awarded Maria costs totaling $5,634.25. In August 2020, John and Peggy filed notices of appeal. This appeal became fully briefed almost five years later when John and Peggy filed their appellant's reply briefs in June 2025.

## DISCUSSION

I.      AWARD OF COSTS TO A PREVAILING PARTY

A.      Statutory Provisions

The right to recover any of the costs of a civil action is determined entirely by statute. (*Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139 (*Berkeley Cement*).) In this case, the relevant statutes are sections 1032 and 1033.5.

Section 1032, subdivision (b) sets forth the general rule that guarantees prevailing civil litigants an award of costs: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." The term " 'prevailing party' " is defined to include "the party with a net monetary recovery." (§ 1032, subd. (a)(4).)

Section 1033.5 creates three categories of costs—allowed, prohibited, and discretionary. (See *Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 402 [question

3.

presented was which category covered the claimed item].) First, section 1033.5, subdivision (a) lists the items specifically allowed as recoverable costs. Second, section 1033.5, subdivision (b) lists items that "are not allowable as costs, except when expressly authorized by law[.]" Third, section 1033.5, subdivision (c)(4) provides that an item neither specifically allowable under subdivision (a) nor explicitly prohibited under subdivision (b) may be allowed or denied in the discretion of the court if certain requirements are satisfied. (§ 1033.5, subd. (c)(4).) In particular, the item must be (1) "incurred, whether or not paid"; (2) "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation"; and (3) "reasonable in amount." (§ 1033.5, subd. (c).)

This appeal addresses three items of cost: filing and motion fees, the cost of Maria's copy of court-ordered transcripts, and the cost of photocopies of exhibits. (§ 1033.5, subd. (a)(1), (9), (13).) Filing and motion fees and the cost of the court-ordered transcripts are awarded as a matter of right under section 1032 and section 1033.5, subdivision (a). Though characterized as recovered "as a matter of right," all such costs must be incurred, reasonably necessary, and reasonable in amount. (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 739, 744.) Some of the costs of photocopying the exhibits can be awarded as a matter of right and some of such costs fall within the discretionary category. (See *Rojas v. HSBC Card Services Inc.* (2023) 93 Cal.App.5th 860, 900–902 (*Rojas*) [trial court did not err in awarding unused exhibit costs]; see also, *Segal v. ASICS America Corp.* (2022) 12 Cal.5th 651, 657 (*Segal*) [costs related to unused photocopies of trial exhibits may be awarded in the trial court's discretion pursuant to § 1033.5, subd. (c)(4)].)

To claim prejudgment costs, a prevailing party must serve and file a memorandum of costs in accordance with California Rules of Court, rule 3.1700(a)(1). Here, Maria complied with the rule by filing an optional Judicial Council form MC-010 in February 2020.

4.

B.    Standard of Review

Generally, an award of costs is reviewed by an appellate court for an abuse of discretion. (*Berkeley Cement*, *supra*, 30 Cal.App.5th at p. 1139.) An exception to this general rule applies when the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction. In such situations, the appellate court conducts an independent review of the question of law presented. (*Ibid*.)

"In ruling upon a motion to tax costs, the trial court's first determination is whether the statute expressly allows the particular item and whether it appears proper on its face. 'If so, the burden is on the objecting party to show [the costs] to be unnecessary or unreasonable.' [Citation.] Where costs are not expressly allowed by the statute, the burden is on the party claiming the costs to show that the charges were reasonable and necessary. [Citation.] 'Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion.' " (*Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal.App.4th 11, 29–30 (*Foothill*).)

Where a trial court has discretionary power to decide an issue, the court's exercise of that discretion will be disturbed on appeal only if there is a clear abuse of discretion and a miscarriage of justice. (*Brawley v. J.C. Interiors, Inc.* (2008) 161 Cal.App.4th 1126, 1137 (*Brawley*); see *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' [Citations.] 'The burden is on the party complaining to establish an abuse of discretion....' [Citations.] '[T]he showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion.' " (*Brawley*, *supra*, at p. 1137.)

5.

C.      Maria is the Prevailing Party

We initially address Maria's status as the prevailing party.  The amended judgment held John liable for approximately $510,000 and held Peggy jointly and severally liable for $100,000 of the damages awarded.  There is no doubt that Maria was the prevailing party in this tort action because she was "the party with a net monetary recovery" after the court trial.  (§ 1032, subd. (a)(4).)

The amended judgment explicitly stated Maria was "the prevailing party in this matter and shall be awarded all cost of litigation in an amount to be determined."  We interpret the phrase "in this matter" to include both her complaint and John's cross-complaint.  This interpretation is consistent with the statement of decision attached to the amended judgment.  The statement of decision identified Maria as the prevailing party on her claims and as "the prevailing party on the cross-complaint filed by JOHN."

## II.      COURT-ORDERED REPORTER'S TRANSCRIPTS

Section 1033.5, subdivision (a) provides in part:  "The following items are allowable as costs under Section 1032: [¶] … [¶]  (9) Transcripts of court proceedings ordered by the court."  Subdivision (b) of the statute provides in part:  "The following items are not allowable as costs, except when expressly authorized by law:  [¶] … [¶]  (5) Transcripts of court proceedings not ordered by the court."  Under these provisions, the threshold question is whether the transcripts in question were ordered by the court.

A.      The Court Did Order Transcripts

We begin by considering whether the trial court ordered the preparation of reporter's transcripts for *some or all* of the trial's oral proceedings.  The trial court's ruling addressed this question as follows:  "Here, the court did order transcripts for several days of testimony."  The ruling also stated Maria had requested an award of the costs for the transcripts for the entire trial, but the court allowed only the costs of the transcripts it ordered—specifically, "days 5 to 21 and not any of the other trial days."

The trial court's findings are supported by the record, which contains December 12, 2018 minute orders showing the trial court ordered the court reporters to prepare transcripts for the eighth through 12th day of trial. The record also contains January 10, 2019 minute orders showing the court ordered the court reporters to prepare transcripts for the fifth through seventh day of trial and the 13th through 21st day of trial. We conclude the minute orders constitute substantial evidence supporting the court's factual finding that it ordered the preparation of reporter transcripts. (See § 1033.5, subds. (a)(9), (b)(5).) John and Peggy have referred to these minute orders and have not attempted to show that the trial court did not, in fact, order the preparation of transcripts.

B.    Claims of Trial Court Error

John and Peggy raised several legal arguments about the recovery of the costs for the court-ordered transcripts.

### 1.    *Copies or Original Transcripts*

John and Peggy assert Maria paid for a *copy* of the transcripts, not the original transcripts. They contend Maria cannot recover the costs of her own copy, which were obtained for the convenience of her attorney. This contention involves the interpretation of the statutory text allowing the recovery of the cost of "[t]ranscripts of court proceedings ordered by the court." (§ 1033.5, subd. (a)(9).) Under the argument of John and Peggy, this text should be limited to the cost of the original transcripts. However, no such limitation is expressed in the statutory text. As a result, their argument violates the principle of statutory construction that a court is not to "insert what has been omitted" by the Legislature. (§ 1858; see *Segal*, *supra*, 12 Cal.5th at p. 667 [courts should not read into the statute allowing costs a restriction which has not been placed there].) We conclude the terms "[t]ranscripts" include both the original transcript and copies of the transcript. (*Hendrix v. Superior Court* (2011) 191 Cal.App.4th 889, 895 [each version of the transcript is either the original or a copy].)

7.

To conclude otherwise would mean only one party—the party who paid for the original—could recover the cost of transcripts after the judgment was entered. Thus, a party who paid for a copy of the transcripts could never recover that cost. This disparity in treatment is not justified by existing case law, secondary authority, legislative history, or logical inferences from the public policies underlying the statute. Accordingly, we conclude a prevailing party in a civil action is entitled to recover the costs of the transcripts of court proceedings ordered by the court regardless of whether the transcripts were originals or copies. This interpretation allocates more evenly between the parties both the risks of losing and the rewards of prevailing and does not alter the statutory text by adding the modifier "original" in front of the word "[t]ranscripts." (§ 1033.5, subd. (a)(9).)

### 2. *Further Requirements for the Recovering of Costs*

Defendants contend the trial court abused its discretion in awarding Maria the costs of her copy of the transcripts because (1) the transcripts were delivered *after the conclusion of trial*, (2) the transcripts were not entered into evidence or the case docket, and (3) copies were not given to defendants even though arguments in Maria's closing trial brief cited some of the transcripts by page and line number.

None of these factors are expressed in sections 1032 or 1033.5 as requirements that must be satisfied before a prevailing party may recover the cost of court-ordered transcripts. Thus, defendant's argument fails because it attempts to insert additional conditions in the statute that were omitted by the Legislature. (§ 1858.)

With the foregoing statutory interpretation in mind, we next address specific points raised by defendants. In particular, defendants have relied on *Jameson v. Desta* (2018) 5 Cal.5th 594, Government Code section 68086, subdivision (b),[2] and California

---

[2]    This subdivision provides in full: "The fee [charged by the court reporting service] shall be waived for a person who has been granted a fee waiver under Section

8.

Rules of Court, rule 2.956. That reliance is misplaced because that case, statute, and rule address issues other than the recovery of costs by the prevailing party, with the following exception. Government Code section 68086, subdivision (c) addresses the recovery of costs by stating: "The costs for the services of the official court reporter shall be recoverable as taxable costs by the prevailing party as otherwise provided by law." This provision expresses the Legislature's intent that Government Code section 68086 has no impact on a prevailing party's entitlement to recover the cost of court-ordered reporter's transcripts.

In addition, California Rules of Court, rule 2.956, which addresses court reporting services in civil cases, does not alter the statutory scheme defining a prevailing party's right to recover costs. California Rules of Court, rule 2.956(a) states it "implements and must be applied so as to give effect to Government Code sections 68086(a)–(c)." By specifically incorporating subdivision (c) of Government Code section 68086, this rule acknowledges the recovery of costs is governed by other provisions of law. In summary, defendants have presented no authority requiring the satisfaction of their proposed conditions before a prevailing party may recover transcript costs.

### 3. Section 269

Section 269 addresses various issues involving official court reporters. The appellate briefing of John and Peggy also argues that (1) the trial court failed to comply with the requirements of section 269, (2) these failures substantially harmed their ability to prepare their own closing trial briefs, and (3) their rights to due process and access to the trial court were violated. Defendants' arguments suggest that these grounds bar Maria from recovering the costs of her copies of the court-ordered transcripts.

---

68631." Government Code section 68631 is the general provision authorizing an initial fee waiver.

9.

First, no statutory text or other authority cited by defendant holds these grounds negate a prevailing party's right to recover costs incurred for court-ordered transcripts. Second, and of less significance, defendants have not shown section 269 was violated. Section 269, subdivision (a)(1) provides that, "[i]n a civil case, on the order of the court or at the request of a party," an official reporter shall take down in shorthand the oral proceedings. Section 269, subdivision (b) provides in part that, if a reporter's transcript is ordered by the court or requested by a party, the official reporter shall write out the transcripts requested and "certify that the transcripts were correctly reported and transcribed, and *when directed by the court, file the transcripts with the clerk of court*." (Italics added.) We have reviewed the minute orders directing the court reporters to prepare transcripts for specific days of the trial and those orders did not direct the reporters to "file[] the transcripts with the clerk of the court." (§ 269, subd. (b).) Thus, the failure of the reporters to file the transcript was not contrary to the statute.

### 4. *Reasonably Necessary or Merely Convenient*

Defendants also argue the copies of the transcript were obtained for the convenience of Maria's attorney and, therefore, the transcription costs were not "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" for purposes of section 1033.5, subdivision (c)(2). Because the cost of court-ordered transcripts is expressly allowed by statute and Maria's request for the cost appears proper on its face, the burden is on the objecting party to show the costs were unreasonable or unnecessary. (*Foothill*, *supra*, 158 Cal.App.4th at p. 29.) " 'Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion.' " (*Id*. at pp. 29–30.)

As stated earlier, the test for an abuse of discretion is whether the trial court exceeded the bounds of reason. Defendants' assertion that the transcripts were "merely

10.

convenient" rather than "reasonably necessary" (§ 1033.5, subd. (c)(2)) simply shows they would draw inferences from the facts that are different from those drawn by the trial court. This argument involving conflicting inferences is, in effect a request for this court to substitute its determination for the decision of the trial court. Such a request by an appellant, based on a showing that conflicting inferences are possible, does not show the trial court exceeded the bounds of reason. It merely suggests there is " 'an opportunity for a difference of opinion.' " (*Brawley*, *supra*, 161 Cal.App.4th at p. 1137.) Consequently, the argument fails to meet the test for an abuse of discretion. The trial court's decision that the court-ordered transcripts were reasonably necessary did not exceed the bounds of reason.

### 5. *The Amount of the Reporter's Charges*

Defendants contended the trial court erred in awarding the costs charged by the reporters because $4.50 per page exceeded the maximum statutory rate of $0.85 per 100 words for an original transcript and $0.20 or $0.26 per 100 words for a copy of the transcript. Defendants rely on the transcription fees specified in Government Code section 69950 and *Hendrix v. Superior Court*, *supra*, 191 Cal.App.4th 889, a case arising out of San Bernardino County. As explained below, defendants have not shown the statute cited applies in Fresno County.

"*Except in counties where a statute provides otherwise*, the official reporter shall receive for his services the fees prescribed in this article." (Gov. Code, § 69947, italics added.) Court reporters earn fees for reporting (Gov. Code, §§ 69948, 69949) and for transcription (Gov. Code, § 69950). "The transcription fee is (a) 85 cents for 100 words for the original ribbon or printed copy, and (b) 15 cents for 100 words for a copy purchased at the same time by the court, party, or person purchasing the original. (Govt.C. 69950(a).) The fee is (a) 20 cents for 100 words for a first copy purchased by a court, party, or person who does not simultaneously purchase the original, and (b) 15

11.

cents for 100 words for each additional copy purchased at the same time. (Govt.C. 69950(b).)" (2 Witkin, Cal. Procedure (6th ed. 2021) Courts, § 436, p. 490.) "The specified fees are *subject to exceptions* under several statutes dealing with different classes of larger counties. The reporters are placed on a salary basis and receive no fees for reporting; they are, however, entitled to the regular fees for transcribing. (See Govt.C. 70040 et seq.[])" (2 Witkin, Cal. Procedure, *supra*, Courts, § 436, p. 491, italics added.)

We reject defendants' argument that the transcription fees were excessive because defendants have failed to show that Government Code section 69950 applies, rather an exception to that provision. In particular, defendants have failed to acknowledge that a specific statute governs court reporter compensation in Fresno County. Government Code section 70046.2, subdivision (a) states: "In Fresno County, the compensation of each regular official court reporter shall be determined through the collective bargaining process." Defendants have not shown the rates charged Maria for her copy were excessive under the applicable collective bargaining agreement. Consequently, defendants have not demonstrated the trial court erred in allowing Maria to recover the amounts she incurred for her copy of the transcripts.

6.       *Maria Incurred the Cost Claimed*

John contends the billing statements submitted by Maria for her own copies is not prima facie evidence to establish Maria "incurred any of the cost of the court's ordered transcripts which were [n]ot entered as an exhibit and billed at public expense under CCP §269(c)."[3] Peggy contends the declaration of Maria's attorney "did [n]ot identify any transcript that MARIA had incurred a cost for the court's court-ordered transcript." We conclude the supplemental declaration of Maria's attorney and the attached invoice from

---

**3**       Subdivision (c) of section 269 does not apply in this civil action. It applies "[i]f the defendant is convicted of a felony[.]" (§ 269, subd. (c).)

one reporter, the e-mail from the other reporter, and two checks signed by Maria constitute substantial evidence that Maria incurred the cost for her copy of court-ordered transcripts and the amount of those costs.  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 858 [attorney's declaration and attachments established the amount of costs for court-ordered transcripts and adequately substantiate the prevailing party's cost bill]; see also, *Cell-Crete Corp. v. Federal Ins. Co.* (2022) 82 Cal.App.5th 1090, 1095 [the actual payor is irrelevant where the prevailing party incurred legal liability to pay the litigation cost].)

In summary, the trial court did not commit legal or factual error or otherwise abuse its discretion when it allowed Maria to recover $3,869 in costs for her copy of the court-ordered transcripts.

III.    FILING FEES

Section 1033.5, subdivision (a)(1) provides that "[f]iling, motion, and jury fees" are allowable as costs under section 1032.  The statute does not require a motion be successful as a condition to recovering the fee for filing it.  We conclude the necessity and reasonableness of pursuing a particular motion and paying the filing fees, like other costs, "must be viewed from the pretrial vantage point," not with the benefit of 20/20 hindsight.  (*Brake v. Beech Aircraft Corp.* (1986) 184 Cal.App.3d 930, 940.)

The $795 in filing and motion fees claimed by Maria are the fees for filing (1) her complaint ($435); (2) a demurrer to the cross-complaint ($60); (3) an ex parte application to dissolve a preliminary injunction ($60); (4) a motion to strike portions of the first amended cross-complaint ($60); and (5) three ex parte applications to extend the deadline for filing a closing brief (3 x $60).

Because section 1033.5, subdivision (a)(1) expressly allows the recovery of filing and motions fees and the request in Maria's memorandum of costs appears proper on its

face, John and Peggy, as the objecting parties, had the burden of showing the particular fees were " 'unnecessary or unreasonable.' " (*Foothill*, *supra*, 158 Cal.App.4th at p. 29.)

Here, the trial court correctly allocated the burden to defendants and then determined "defendants have not met their burden of showing that the motion filing fees were not reasonably and necessarily incurred." The court also stated, "it appears that the motion filing fees were necessarily and reasonably incurred, and the court will not tax or strike them." The trial court's determination of whether a cost item was reasonably necessary to the litigation is reviewed for abuse of discretion. (*Foothill*, *supra*, 158 Cal.App.4th at pp. 29–30.)

A.      Fees Relating to Three Extensions

Defendants contend the $180 paid to file the three ex parte applications to extend the deadline for filing closing trial briefs are not cost items reasonably "necessary because it was for [Maria's] attorney's convenience of waiting for reporter transcripts for briefing." This contention about what was reasonably necessary rather than merely convenient fails to identify an abuse of discretion for the same reasons we concluded awarding the cost of Maria's copy of the court-ordered transcripts was not an abuse of discretion. (See pt. II.B.4., *ante*.) To summarize, because the court-ordered transcripts were reasonably necessary for the preparation of the closing brief, the applications for extension of the briefing deadline so Maria's attorney could obtain the transcripts also were reasonably necessary.

B.      Other Fees

The three other $60 fees awarded Maria relate to her demurrer to the cross-complaint, her motion to strike portions of the first amended cross-complaint, and her ex parte application to dissolve the preliminary injunction.

John contends Maria did not file a memorandum of costs in her capacity as cross-defendant and, therefore, the motion fees related to his cross-complaint were erroneously

14.

awarded. Maria's memorandum of costs described her as "PLAINTIFF: MARIA S. BANDA-WASH, et al." We conclude the failure to also identify Maria as a cross-defendant is a de minimis omission. (Cf. *Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1295 ["labeling error in the cost bill, which was prepared by plaintiffs' counsel, in referring to 'filing fee for cross-complaint' is de minimis"]; see Civ. Code, § 3533 ["The law disregards trifles"].) As a result, the omission does not provide a ground for reversing the award of the three $60 filing fees for the demurrer, motion to strike, and application to dissolve preliminary injunction. In other words, we conclude Maria could use a single memorandum of costs to recover costs incurred as a plaintiff and costs incurred as a cross-defendant, particularly after the statement of decision declared she was the prevailing party on both her claims and John's cross-complaint. Consequently, we also reject defendant's related argument that Maria did not file a timely memorandum of costs in accordance with California Rules of Court, rule 3.1700 for the fees related to the cross-complaint.

John also contends the judgment did not "include cross-defendant prevailing party costs." This contention misstates the record. The judgment incorporated the statement of decision. The statement of decision included the determination that Maria "is also the prevailing party on the cross-complaint filed by JOHN." As a result, the judgment actually addressed Maria's entitlement to recover costs as the prevailing party on the cross-complaint.

Peggy contends her motion to tax costs should have been granted as to the filing fees related to the cross-complaint because she was not a cross-complainant. We agree. Therefore, Maria's request for an award against Peggy of the filing fee for Maria's demurrer to the cross-complaint ($60) and Maria's motion to strike portions of the first amended cross-complaint ($60) should have been rejected. We will modify the trial court's order to reflect this ruling.

15.

We further conclude defendants have not shown the trial court abused its discretion (i.e., exceeded the bounds of reason) when it determined defendants had not carried their burden of showing the filing fees were unnecessary or unreasonable.

Lastly, to the extent that John and Peggy raised additional arguments in their appellant's reply briefs, we do not consider those arguments. (*Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 548 [" 'It is elementary that points raised for the first time in a reply brief are not considered by the court' "].)

IV.     PHOTOCOPIES OF EXHIBITS

"Models, the enlargements of exhibits and photocopies of exhibits, and the electronic presentation of exhibits, including costs of rental equipment and electronic formatting, may be allowed [as costs under section 1032] if they were reasonably helpful to aid the trier of fact." (§ 1033.5, subd. (a)(13).)

Maria's counsel prepared seven trial binders—one for her, one for each of the four defendants, one for the trial judge, and one for the witness stand. The cost claim for each binder was $101.50, which was "based on a copy price of $0.50 per page." The trial court's ruling stated: "While defendants contend that only some pages of the binders were actually useful and relevant to the claims on which [Maria] prevailed, it appears that the binders were helpful to the trier of fact as a whole, so the court will allow [Maria] to recover her costs of reproducing the exhibits." The court awarded $710.50 in such costs.

About a year and a half after the trial court issued its costs order, the California Supreme Court resolved "a conflict among the Courts of Appeal regarding whether costs incurred in preparing photocopies of exhibits and demonstrative aids for trial are recoverable under section 1033.5 even if they were not ultimately used at trial." (*Segal*, *supra*, 12 Cal.5th at pp. 656–657.) The court concluded "that costs related to unused photocopies of trial exhibits and demonstratives are not categorically recoverable under

16.

section 1033.5(a)(13), but they may still be awarded in the trial court's discretion pursuant to section 1033.5(c)(4)." (*Id.* at p. 657.)

John's opening brief contends the costs awarded for "photocopies exhibits were largely unnecessary or they were [n]ot reasonably helpful to aid the trier of fact in the complaint causes of action against [him]" and the trial court abused its discretion in awarding an unreasonable amount. John asserts the charges for the photocopies "must be taxed and reduced to $20.25 for those allowable exhibits that were reasonably helpful to aid the trier of fact."

Peggy's opening brief contends she is liable for only those costs of photocopies of exhibits that were reasonably helpful in aiding the trier of fact in determining Maria was the prevailing party on the complaint's fourth and fifth causes of action (intentional and negligent interference with prospective economic advantage). She also contends the reasonable rate for black and white copies is 10 to 15 cents per page.

A.     Partial Recovery and Prevailing Party Status

As stated earlier, to be a prevailing party entitled to costs as a matter of right, a plaintiff need only obtain "a net monetary recovery." (§ 1032, subd. (a)(4).) "This is so even if a party receives only partial recovery (e.g., prevails on only one of several causes of action). As long as that party obtains a 'net monetary recovery,' he or she is entitled to recover costs as a matter of right." (Fairbank, et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2024) ¶ 17:208, p. 17-37.) Consequently, contrary to the argument presented by John and Peggy about which causes of action Maria won, Maria's entitlement to recover costs related to a particular exhibit does not depend on whether the exhibit was used in connection with a cause or causes of action that she won. (*Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1200 [under § 1032, a "successful plaintiff is entitled to recover the whole of his or her costs, despite a limited victory"].) In *Michell*, the court concluded the statute allowed "Michell to recover even those costs which relate solely to

17.

causes of action upon which she did not prevail." (*Ibid.*)  Consequently, a prevailing party such as Maria may recover the cost for photocopies of an exhibit when the exhibit pertains to a cause of action on which the party did not prevail so long as the criteria set forth in section 1033.5, subdivisions (a)(13) or (c) are met.

B.      Apportioning Costs

The arguments of John and Peggy suggest a trial court is required to apportion the costs of exhibits among the nonprevailing defendants.  As explained below, their arguments do not refer to the applicable rule of law governing the apportionment of costs.  As a result, they have failed to demonstrate the trial court abused its discretion in failing to allocate the costs among the defendants.

The authority of a trial court to apportion costs is set forth in the last sentence of section 1032, subdivision (a)(4): "If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed *may apportion costs* between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."  This text describes the limited circumstances in which a trial court has the discretionary authority to apportion costs.  The Judicial Council has not yet adopted rules for apportioning costs.  (Fairbank, et al., Cal. Practice Guide: Civil Trials and Evidence, *supra*, ¶ 17:272, p. 17-48.)

An argument about apportioning costs between two defendants was made in *Smock v. State of California* (2006) 138 Cal.App.4th 883 (*Smock*).  The State of California was found 90 percent liable for a motor vehicle accident due to a dangerous condition of public property and the defendant driver was found 10 percent liable.  (*Id*. at p. 885.)  The State argued the cost award should be allocated between the defendants based on their proportion of fault.  The court rejected this argument, stating: "Apportionment of costs is authorized, at the court's discretion, only under those

18.

comparatively unusual circumstances when the court must determine which party prevailed. [Citation.] Smock clearly prevailed below, and the State has cited no authority that would permit, much less compel, the trial court to apportion costs under these circumstances." (*Id*. at p. 889.)

Here, Maria clearly prevailed in obtaining money relief against both John and Peggy. Consequently, this case does not present the "comparatively unusual circumstances when the court must determine which party prevailed." (*Smock*, *supra*, 138 Cal.App.4th at p. 889.) As a result, the trial court did not have the discretionary authority to allocate the costs between John and Maria. The court cannot be held to have abused discretion it did not have.

### C. Reasonably Helpful to Aiding the Trier of Fact

Defendants contend the trial court erred when it determined the exhibit "binders were helpful to the trier of fact as a whole" under section 1033.5, subdivision (a)(13). This determination involves the same discretion exercised under subdivision (c)(4) of section 1033.5. (*Rojas*, *supra*, 93 Cal.App.5th at pp. 900–901.)

We conclude a trial judge who acts as the trier of fact in a court trial is in the best position to determine whether the photocopies of exhibits were reasonably helpful to aiding him or her in that role. (See *Rojas*, *supra*, 93 Cal.App.5th at p. 901.) In addition, the *burden of proof* is not an issue in this case because, having presided over the trial, the trial court had all the evidence needed to determine whether the items claimed were reasonably helpful to it. (*Ibid*.; see *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 133 [no abuse of discretion shown].) Here, as in *Rojas* and *Nelson*, defendants have not established the trial court abused its discretion when it determined the photocopies of the exhibits were helpful to it even for the exhibits that were not admitted into evidence.

19.

D.      Reasonable in Amount

Defendants contend that the copying cost of $0.50 per page was an exaggerated and unreasonable rate and that a reasonable rate for black and white copies is 10 to 15 cents per page.  In *Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th 836, the appellate court concluded the appellant had "not made a specific showing that the 15-cent cost per page was excessive." (*Id*. at p. 856.)  The court stated:  "Given the law firm's equipment, overhead and personnel expenses, the trial court could certainly conclude the 15-cent fee was reasonable.  The firm's billing statements are adequate documentation of the photocopying costs." (*Id*. at p. 857.)

We conclude *Benach* does not establish 15 cents per page as the upper limit of the reasonable cost of photocopying exhibits.  For example, *Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, the appellant argued the reasonable rate for photocopying trial exhibits was 10 cents per page and, therefore, the prevailing defendant could not recover more than $200 for photocopying the trial exhibits.  (*Id*. at p. 695.)  This argument implies there were about 2,000 pages of photocopies.  The appellate court determined the trial court did not abuse its discretion in finding the defendant was entitled to recover $1,547.03 for photocopies of trial exhibits. (*Ibid*.)  When that amount is divided by 2,000 pages, the cost per page is approximately 77 cents per page.

Another source that supports the conclusion that 50 cents per page is a reasonable amount for photocopies of trial exhibits is a statute enacted in 1984 that fixed the fees of obtaining copies of real property records maintained by the clerk-recorder's office at $1 for the first page and 50 cents for each additional page.  (Stats. 1984, ch. 1397, § 6, p. 4907.)

We review a trial court's determination of the reasonable amount of an item of cost under the abuse of discretion standard, which asks whether the trial court exceeded the bounds of reason.  (*Rojas*, *supra*, 93 Cal.App.5th at p. 892.)  Based on *Doe v. Los*

20.

*Angeles County Dept. of Children & Family Services*, *supra*, 37 Cal.App.5th 675 and the 1984 statute addressing the cost of copies of real property record, we conclude the trial court did not exceed the bounds of reason when it determined 50 cents per page was a reasonable amount to charge for the photocopies of exhibits.

## DISPOSITION

The order regarding Maria's recovery of costs is modified to strike, as to Peggy only, the filing fees for Maria's demurrer to John's cross-complaint ($60) and for Maria's motion to strike portions of the first amended cross-complaint ($60).  As modified, the order is affirmed.

Pursuant to California Rules of Court, rule 8.278(a)(3), Maria shall recover her costs on appeal.

FRANSON, Acting P. J.

WE CONCUR:


DE SANTOS, J.


ELLISON, J.*

---

\*       Retired judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.